RALPH J. SWANSON, CA STATE BAR NO. 67751
H. ANN LIROFF, CA STATE BAR NO. 113180
SHANNON N. COGAN, CA STATE BAR NO. 214976
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-____
FACSIMILE: (408) 998-____
ralph.swanson@berliner.com
ann.liroff@berliner.com
shannon.cogan@berliner.com

ATTORNEYS FOR PLAINTIFFS
WINDSOR AUCTIONS, INC. AND
JEWELRY AUCTIONS CORPORATION

FILED
2007 DEC 21 P 3:17
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING
ADR
Fee Paid
S1
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WINDSOR AUCTIONS, INC., a Florida corporation, and JEWELRY AUCTIONS CORPORATION, a New Jersey corporation,

　　　　Plaintiffs,

v.

EBAY INC., a Delaware corporation,

　　　　Defendant.

CASE NO. C07 06454 PVT

COMPLAINT FOR:

(1) Violation of Robinson-Patman Act 15 U.S.C. §§13 et seq.;

(2) Violation of Unfair Practices Act California Business and Professions Code § 17045;

(3) Common Law Unfair Competition

(4) Breach of the Implied Covenant of Good Faith and Fair Dealing

DEMAND FOR JURY TRIAL

　　　　Plaintiffs Windsor Auctions, Inc. and Jewelry Auctions Corporation (together, "Plaintiffs") allege as follows:

**PARTIES**

　　　　1.　　Plaintiff Windsor Auctions, Inc. ("Windsor Auctions") is a Florida corporation having its principal place of business at 111 Flagship Drive, Lutz, Florida 33549.

2. Plaintiff Jewelry Auctions Corporation is a New Jersey corporation having its principal place of business at 36 Franklin Turnpike, Waldwick, New Jersey, 07463.

3. Defendant eBay Inc. ("eBay") is a Delaware corporation having its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

5. This Court has personal jurisdiction over eBay in that eBay's principal place of business is located in this jurisdiction.

6. Venue is proper is this district pursuant to 28 U.S.C. § 1391, as this is a judicial district in which a substantial part of the events giving rise to the claims occurred.

**COMMON ALLEGATIONS**

7. eBay owns and operates the largest online marketplace in the world at its website located at www.ebay.com. eBay promotes the goods and services of others by making available and facilitating a worldwide online marketplace through which users may advertise their goods and services via the Internet. eBay facilitates direct sales transactions between users, and also facilitates live auctions through its website located at www.ebayliveauctions.com ("eBay Live Auctions").

8. In 2002, Live Auctioneers LLC ("Live Auctioneers"), a New York limited liability company, established a partnership with eBay to help bring auction catalogs to the Internet for live online bidding. Live Auctioneers offers technology and services connecting auction houses and bidders through eBay Live Auctions. Live Auctioneers offers a technological platform through which remote auction transactions can be made on eBay's website.

9. On information and belief, eBay earns a lesser commission on live auction sales conducted with the assistance of Live Auctioneers than it does on live auctions conducted directly through eBay.

10. Plaintiffs are in the business of selling jewelry. In 2005, Windsor Auctions entered into agreements with both Live Auctioneers and eBay, pursuant to which Windsor

Auctions would sell jewelry domestically and internationally through eBay Live Auctions. Plaintiffs commenced selling jewelry through Live Auctioneers and eBay Live Auctions. From mid-2005 through 2006, sales for Windsor Auctions through eBay's Live Auctions exceeded $1.4 million.

11. Commencing in mid-2007, Plaintiffs realized that instead of enjoying increased sales to a projected $2.8 million for 2007, Plaintiffs' sales and revenues were decreasing markedly.

12. While Plaintiffs' sales and revenue were decreasing, those of a competitor increased dramatically. George Molayem runs a variety of businesses, including but not limited to Hillstreet Jewelers, Paramount Auctions, and Jewelry Overstock Auctions, all of which conduct live auctions through eBay Live Auctions. Mr. Molayem does not use the intermediary services of Live Auctioneers; rather, he is a direct client of eBay.

13. When Plaintiffs did not receive a satisfactory explanation from eBay and Live Auctioneers as to how Mr. Molayem was able to keep his sales items so prominently listed in eBay's "core listings," Plaintiffs asked Mr. Molayem directly. Plaintiffs discovered that Mr. Molayem had access to an auction time-duration tool (the "Batch Uploading Tool") that, when manipulated, allowed him to upload auction items in batches, placing his sales items at the front of eBay's "core listings," which appear first in sales listings on the website. Mr. Molayem's manipulation of the Batch Uploading Tool allowed his items to be consistently placed at the front of the "core listings," regardless of the ending time for his auctions.

14. The Batch Uploading Tool was not available to Plaintiffs, so Plaintiffs' items were listed at or near the end of the total listings until just a few hours before the ending time. Accordingly, Plaintiffs' listings were so buried as to be virtually invisible through much of the duration of an auction, and that lack of visibility has had a dramatic negative effect on Plaintiffs' sales.

15. On information and belief, eBay is aware of Mr. Molayem's manipulation of the Batch Uploading Tool, initially secretly allowed Mr. Molayem to use the Batch Uploading Tool, and now openly condones such use. This reckless approach by eBay has resulted in a

competitive advantage for Mr. Molayem and his eBay Live Auctions businesses, and a concomitant competitive disadvantage for all other sellers not provided access to the Batch Uploading Tool, including Plaintiffs.

## FIRST CAUSE OF ACTION

### Robinson-Patman Act – 15 U.S.C. § 13 *et seq.*

16. Plaintiffs incorporate by reference paragraphs 1 through 15 inclusive, as if fully set forth here.

17. The auctions hosted by eBay Live Auctions attract buyers and sellers throughout the world, and eBay conducts commercial activities in interstate commerce. On information and belief, George Molayem and his eBay Live Auction businesses sell jewelry in interstate commerce. Plaintiffs also conduct jewelry sales in interstate commerce.

18. eBay's actions as alleged herein, including encouraging and condoning its direct client's use of the Batch Uploading Tool to force sales items into the primary "core listings," while not making the Batch Uploading Tool available to all sellers, constitutes discrimination with the effect of lessening, injuring, destroying, or preventing competition.

19. eBay's actions have injured Plaintiffs in that their sales and revenues have declined substantially as a result.

20. eBay's actions have lessened, injured, destroyed, or prevented competition in that Plaintiffs are unable to compete with Mr. Molayem in the area of live auction jewelry sales. Mr. Molayem's items enjoyed preferential listing status, making Plaintiffs' items difficult to find and therefore less likely to attract buyers.

## SECOND CAUSE OF ACTION

### Unfair Practices Act – California Business and Professions Code § 17045

21. Plaintiffs incorporate by reference paragraphs 1 through 20 inclusive, as if fully set forth here.

22. Plaintiffs use eBay's live auctions services on like terms and conditions as Mr. Molayem. eBay extended to Mr. Molayem a special privilege, the use of the Batch Uploading Tool, which was not extended to Plaintiffs.

\SCOGAN\747643.3
122107-16885001

23. eBay's extension to Mr. Molayem of this special privilege has injured Plaintiffs in that their sales and revenues have declined substantially as a result.

24. eBay's secret acquiescence in Mr. Molayem's use of the Batch Uploading Tool, a special privilege not extended to Plaintiffs, tends to destroy competition in that Plaintiffs and Mr. Molayem, both competitors in the same marketplace, are not competing on an even basis.

25. On information and belief, eBay acquiesced in Mr. Molayem's use of the Batch Uploading Tool because as a direct client to eBay, Mr. Molayem's completed sales generate more revenue for eBay than do sales by Plaintiffs, who use the services of Live Auctioneers.

### THIRD CAUSE OF ACTION

### Common Law Unfair Competition

26. Plaintiffs incorporate by reference paragraphs 1 through 25 inclusive, as if fully set forth here.

27. eBay has engaged in unfair competition, among other ways, by providing the Batch Uploading Tool to Mr. Molayem but not to Plaintiffs.

28. eBay continues to engage in unfair competition, among other ways, by not providing the Batch Uploading Tool to all sellers using eBay Live Auctions.

29. eBay's acts have caused Plaintiffs competitive injury, as described herein, and specifically have caused Plaintiffs to incur damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

30. Plaintiffs incorporate by reference paragraphs 1 through 29 inclusive, as if fully set forth here.

31. On or about April 2005, Windsor Auctions entered into a written agreement with eBay, pursuant to which Windsor Auctions would sell jewelry through eBay Live Auctions. eBay agreed to provide a venue for Windsor Auctions to conduct online auctions, and Windsor Auctions agreed to pay eBay certain fees for using that venue to sell items at auction.

32. Windsor Auctions has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the agreement.

33. eBay has engaged in unfair dealing in connection with the agreement, by providing the Batch Uploading Tool to Mr. Molayem but not to Plaintiffs.

34. Windsor Auctions reasonably expected that entering into the agreement with eBay would put Windsor Auctions on equal footing with all other sellers using eBay Live Auctions. eBay's actions have disappointed those reasonable expectations and frustrated the common purpose of the agreement.

35. Plaintiffs have not attached to this pleading a copy of the agreement between Windsor and eBay, because it contains a confidentiality provision. However, the agreement is available, and this pleading can be amended to include the agreement.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiffs pray:

1. That this Court award Plaintiffs damages in a sum according to proof.
2. That this Court award Plaintiffs treble damages in a sum according to proof.
3. That this Court award Plaintiffs the costs of this action.
4. That this Court award Plaintiffs reasonable attorneys' fees and expenses.
5. That this Court grant such other and further relief as it should deem just.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: December 21, 2007

BERLINER COHEN

BY: *Shannon N. Cogan*
RALPH J. SWANSON
H. ANN LIROFF
SHANNON N. COGAN
ATTORNEYS FOR PLAINTIFFS
WINDSOR AUCTIONS, INC. AND
JEWELRY AUCTIONS CORPORATION

\SCOGAN\747643.3
122107-16885001

-6-
COMPLAINT