COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420

COOLEY GODWARD KRONISH LLP
WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant eBay Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WINDSOR AUCTIONS, INC., a Florida corporation, and JEWELRY AUCTIONS CORPORATION, a New Jersey corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY, INC., a Delaware corporation,<br><br>Defendant. | Case No.  C 07 06454 RMW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date:        March 28, 2008<br>Time:        9:00 a.m.<br>Judge:       Ronald M. Whyte<br>Trial Date:  Not yet set |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

MOTION TO DISMISS
CASE NO.  C 07 06454 RMW

TABLE OF CONTENTS

PAGE

I.   INTRODUCTION ..........................................................................................................1

II.  STATEMENT OF FACTS ............................................................................................2

III. LEGAL STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS ...........................3

IV.  ARGUMENT.................................................................................................................4

    A.   As a matter of law, the Robinson-Patman Act, 15 U.S.C. § 13 et seq., does not apply to eBay's services ...............................................................................4

        1.   Plaintiffs' allegations do not involve the same seller ................................5

        2.   Plaintiffs' allegations do not assert price discrimination in the sale of commodities ..........................................................................................5

        3.   Even if Plaintiffs had stated a prima facie case under the Robinson-Patman Act, such a claim would necessarily fall to the "availability exception" defense ......................................................................................7

    B.   As a matter of law, California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045, does not apply to Plaintiffs' allegations .........................................8

        1.   Plaintiffs do not allege that eBay extended special services or privileges to purchasers purchasing upon like terms and conditions ..........8

        2.   Even if Plaintiffs stated a prima facie case for a violation of Section 17045, such a claim would necessarily fall to the "functional classification" defense ...................................................................................9

    C.   Plaintiffs' allegations do not support a claim for common law unfair competition ................................................................................................................9

        1.   Plaintiffs' allegations do not support the typical common law unfair competition scenario of misappropriation of a competitor's goods ............9

        2.   Plaintiffs' allegations do not support claims for breach of confidential relationship or fiduciary duty, nor trade secret protection ................................................................................................10

        3.   Plaintiffs' allegations do not support claims for interference with prospective economic advantage ...............................................................11

    D.   Plaintiffs have not stated a valid claim for breach of implied covenant of good faith and fair dealing. .....................................................................................12

    E.   Leave to Amend Should Be Denied Since Amendment Would Be Futile ............14

V.   CONCLUSION............................................................................................................15

**TABLE OF AUTHORITIES**

PAGE

**CASES**

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*
   260 F. Supp. 2d 941 (N.D. Cal. 2003) ................................................................................11

*Allen v. Ghoulish Gallery*
   No. 06cv371, 2007 WL 4207923, at *11-12 (S.D. Cal. Nov. 20, 2007) ...............................11

*Balboa Ins. Co. v. Trans. Global Equities*
   218 Cal. App. 3d 1327 (1990) ............................................................................................10

*Bank of the West v. Sup. Ct.*
   2 Cal. 4th 1254 (1992) .......................................................................................................10

*Bell Atl. Corp. v. Twombly*
   127 S.Ct. 1955 (2007) .........................................................................................................4

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*
   2 Cal. 4th 342 (1992) .........................................................................................................13

*City Solutions Inc. v. Clear Channel Commc'ns, Inc.*
   365 F.3d 835 (9th Cir. 2004) ..............................................................................................10

*Della Penna v. Toyota Motor Sales, U.S.A.*
   11 Cal. 4th 376 (1995) .......................................................................................................11

*Eddins v. Redstone*
   134 Cal. App. 4th 290 (2006) ..........................................................................................8, 9

*First Comics, Inc. v. World Color Press, Inc.*
   884 F.2d 1033 (7th Cir. 1989), *cert. denied,* 493 U.S. 1075 (1990) ...................................6

*Foley v. Interactive Data Corp.*
   47 Cal. 3d 654 (1988) ...................................................................................................13, 14

*Foman v. Davis*
   371 U.S. 178 (1962) ...........................................................................................................14

*Harris v. Capitol Records Distributing Corp.*
   64 Cal. 2d 454 (1966) ..........................................................................................................9

*Klamath-Lake Pharms. Ass'n v. Klamath Med. Serv. Bureau*
   701 F.2d 1276 (9th Cir. 1983), *cert. denied,* 464 U.S. 822 .................................................7

*Kransco v. Am. Empire Surplus Lines Ins. Co.*
   23 Cal. 4th 390 (2000) .......................................................................................................12

*May Dep't Store v. Graphic Process Co.*
   637 F.2d 1211 (9th Cir. 1980) ..............................................................................................6

*Metro Commc'ns Co v. Ameritech Mobile Commc'ns, Inc.*
   984 F.2d 739 (6th Cir. 1993) ................................................................................................6

*Miller v. Yokohama Tire Corp.*
   358 F.3d 616 (9th Cir. 2004) ..............................................................................................14

*Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*
   228 F.3d 1043 (9th Cir. 2000) ..............................................................................................4

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

**MOTION TO DISMISS**
**CASE NO. C 07 06454 RMW**


# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*Nat'l Tire Wholesale, Inc. v. Washington Post Co.*
  441 F. Supp. 81 (D.C.D.C. 1977) ................................................................. 6

*Navarro v. Block*
  250 F.3d 729 (9th Cir. 2001) ...................................................................... 3

*Parks Sch. of Business, Inc. v. Symington*
  51 F.3d 1480 (9th Cir. 1995) ...................................................................... 4

*Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*
  594 F.2d 1313 (9th Cir. 1979) .................................................................... 4

*Roth v. Rhodes*
  25 Cal. App. 4th 530 (1994) ..................................................................... 11

*Rutledge v. Electric Hose & Rubber Co.*
  511 F.2d 668 (9th Cir. 1975) ................................................................. 4, 5

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
  983 F. Supp. 1303 (N.D. Cal. 1997) ......................................................... 11

*Southland Sod Farms v. Stover Seed Co.*
  108 F.3d 1134 (9th Cir. 1997) .............................................................. 9, 11

*Volvo Trucks North Am., Inc. v. Reeder-Simco GMC, Inc.*
  546 U.S. 164 (2006) .................................................................................. 5

**STATUTES**

15 U.S.C.
  § 12 ........................................................................................................... 4
  § 12(d) ...................................................................................................... 4
  § 12(e) ...................................................................................................... 4
  § 12(f) ....................................................................................................... 4
  § 12(c) ...................................................................................................... 4
  § 13 ....................................................................................................... 1, 4
  § 13(a) .................................................................................................. 4, 5

Cal. Bus. & Prof. Code
  § 17045 ........................................................................................ 1, 8, 9, 14

**OTHER AUTHORITIES**

5 Witkin, Summary 10th (2005) Torts
  § 751 ........................................................................................................ 12
  § 753 ........................................................................................................ 12

**RULES**

Civil L.R.
  3-6 ........................................................................................................... 15
  79-5 ..................................................................................................... 6, 13

Fed. R. Civ. P.
  12(b)(6) ................................................................................................. 1, 3
  38(b) ........................................................................................................ 15

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

iii.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

PLEASE TAKE NOTICE that on Friday, March 28, 2008 at 9:00 a.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. will move to dismiss each of Plaintiffs' four claims set forth in the Complaint. This motion is made under Federal Rule of Civil Procedure 12(b)(6). eBay moves to dismiss with prejudice counts one through four on the following grounds: (1) as a matter of law, the Robinson-Patman Act, 15 U.S.C. § 13 *et seq.*, is inapplicable to services provided by eBay to Plaintiffs; (2) as a matter of law, Plaintiffs' allegations do not support a claim under California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045; and (3) Plaintiffs' allegations are insufficient to support their claims for common law unfair competition and breach of implied covenant of good faith and fair dealing. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, Declaration of Adam Sand ("Sand Decl."), the pleadings on file, oral argument of counsel, and such other materials and argument as may be presented in connection with the hearing on the motion.

## STATEMENT OF ISSUES TO BE DECIDED

**1.** Whether the Robinson-Patman Act, 15 U.S.C. § 13 *et seq.*, applies to services provided by eBay.

**2.** Whether Plaintiffs' allegations support a claim under California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045.

**3.** Whether Plaintiffs have alleged facts sufficient to support a claim for common law unfair competition.

**4.** Whether Plaintiffs have alleged facts sufficient to support a contractual claim for breach of implied covenant of good faith and fair dealing.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Plaintiffs are related business entities that operate an auction house to sell jewelry in live auctions that are accessible to online bidders via eBay's Live Auction website. Auction houses

who want to use eBay's Live Auction website to make their live auctions accessible to online bidders have two options for interfacing with eBay's Live Auction site: they can do business directly with eBay or they can access eBay's Live Auction platform via a third-party intermediary such as Live Auctioneers LLC. Plaintiffs opted to access eBay's Live Auction platform via a third-party intermediary, even though they could always access eBay's Live Auction platform directly. Instead, they now complain that auction houses doing direct business with eBay have access to better services.

Specifically, Plaintiffs complain that direct live auction clients like their competitor George Molayem have access to an "auction time-duration tool" which, when manipulated, permits them to prominently display their sales items in eBay's item listings. Apparently, Live Auctioneers does not provide its clients with a similar tool or function.

Rather than demanding improved services from Live Auctioneers, or, alternatively, cutting out the middle man altogether and joining Molayem's ranks to interface directly with eBay, Plaintiffs filed this action against eBay, asserting *price discrimination* claims under the Robinson-Patman Act, despite a total absence of any allegation that eBay has charged discriminatory prices, and despite the fact that the Robinson-Patman Act is applicable only to sales of commodities, not services like those rendered by eBay. Plaintiffs also assert various California state law claims, none of which is sufficiently supported by Plaintiffs' factual allegations. The Court should reject Plaintiffs' attempt to hold eBay responsible for the services, practices and policies of the third-party intermediary with whom Plaintiffs elected to do business. Plaintiffs' Complaint should be dismissed in its entirety because it fails to state a claim for relief under any cognizable legal theory.

## II.   STATEMENT OF FACTS

As described in Plaintiffs' Complaint, eBay owns and operates the largest online marketplace in the world at its website located at www.ebay.com. Compl. ¶ 7. eBay facilitates direct sales transaction between users, and also facilitates live auctions through its website located at www.ebayliveauctions.com. *Id.* Auction houses who wish to sell their wares via eBay's Live Auctions platform can either do business directly with eBay or they can connect with eBay

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

through Live Auctioneers LLC, a third-party intermediary which offers a technological platform through which remote auction transactions can be made on eBay's website. *Id.* ¶¶ 8, 12.

Plaintiffs are auction houses in the business of selling jewelry. *Id.* ¶ 10. Plaintiffs opted to partake of eBay's Live Auctions platform via Live Auctioneers LLC; accordingly, in 2005, Windsor Auctions[1] entered into agreements with both Live Auctioneers and eBay and commenced selling jewelry on eBay's Live Auctions platform through Live Auctioneers. *Id.* ¶¶ 8, 10.

In 2007, Plaintiffs learned that a competitor, George Molayem, whose auction houses do direct business with eBay rather than connecting via third-party intermediary Live Auctioneers, was using an "auction time-duration tool[2]" in a manner than allowed his items to be consistently placed at the front of sales listings on eBay's website. *Id.* ¶¶ 12, 13. Plaintiffs allege that this "auction time-duration tool" was not available to them or other sellers connecting via third-party intermediary Live Auctioneers. *Id.* ¶¶ 12-5. However, Plaintiffs omit that they could access eBay's Live Auction platform directly, just like their competitor Molayem and all other auction houses registered to sell items via eBay's Live Auction platform.

## III.    LEGAL STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS

This Court may dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion under Rule 12(b)(6), "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Id.* However, as the Supreme Court recently emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atl.*

---

[1] It is not clear from the Complaint how the two plaintiff businesses are related; however, Plaintiffs clearly concede that only Windsor Auctions entered into contractual agreements with Live Auctioneers and eBay. Compl. ¶¶ 1, 2, 10.

[2] Plaintiffs refer to this tool as the "Batch Uploading Tool." Compl. ¶ 13. To the best of eBay's knowledge, this so-called "tool" is simply a timing function present in eBay's Live Auction platform and is accessible to all entities interfacing with eBay's Live Auction platform, including Plaintiffs.

1  *Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). *Accord Nat'l Ass'n for Advancement of*
2  *Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("Conclusory
3  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
4  failure to state a claim."). A claim should be dismissed if a statutory cause of action does not
5  apply to the defendant's conduct as a matter of law. *See, e.g., Parks Sch. of Business, Inc. v.*
6  *Symington,* 51 F.3d 1480, 1485-86 (9th Cir. 1995) (dismissal of plaintiff's statutory claim
7  warranted where plaintiff's allegations are insufficient to bring defendant within the parameters
8  of that statute).

9  **IV.   ARGUMENT**

10        **A.   As a matter of law, the Robinson-Patman Act, 15 U.S.C. § 13 *et seq.*, does not apply to eBay's services.**

12  The Robinson-Patman Act, in relevant part[3], provides:

> It shall be unlawful for any person engaged in commerce … to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States … and where the effect of such discrimination may be substantially to lessen competition ….

17  15 U.S.C. § 13(a). In order to state a prima facie case for a violation of the Robinson-Patman
18  Act, Plaintiffs must allege (1) two or more contemporaneous sales by the same seller; (2) at
19  different prices; (3) of commodities of like grade and quality; (4) where at least one of the sales
20  was made in interstate commerce; and finally, (6) that the "effect of such discrimination may be
21  substantially to lessen competition." *Id*. *See Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d
22  668, 677 (9th Cir. 1975). Plaintiffs have not pleaded facts to support any of the first three

---

[3] There are several other subsections under which buyers and sellers of commodities can assert violations of the Robinson-Patman Act, *see* 15 U.S.C. § 12 subs. (c), (d), (e), and (f); however, it is clear that none of these subsections apply to eBay's conduct as alleged in Plaintiffs' Complaint. For example, subsection (e)'s prohibitions cannot apply to Plaintiffs' allegations because they "apply only to services or facilities connected with the resale of the product by the purchaser." *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1317 (9th Cir. 1979). Similarly, subsection (d) cannot apply because that subsection "refers to payments in connection with the resale by the buyer of the goods, for advertising, promotion or other similar purposes." *Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 678 (9th Cir. 1975).

requirements; nor can Plaintiffs amend their Complaint to state facts sufficient to support these requirements.

### 1.     Plaintiffs' allegations do not involve the same seller.

To state a claim for relief under the Robinson-Patman Act, a plaintiff must allege, at the very minimum, "[t]wo or more contemporaneous sales **by the same seller**." *Rutledge,* 511 F.2d at 677 (emphasis added). Plaintiffs allege that eBay offered the "auction time-duration tool" to auction houses doing business directly with eBay but that such tool was not available to auction houses doing business indirectly through third-party intermediary Live Auctioneers. Compl. ¶¶ 10, 12-14. Such allegations fail to state a claim under the Robinson-Patman Act because the offending transactions do not stem *from the same seller.*[4] Under Plaintiffs' allegations, the differing services were provided by two different service providers – eBay and Live Auctioneers. To impose liability on eBay under these facts would be to hold eBay liable for the services, practices and policies of an independent business entity, Live Auctioneers.

### 2.     Plaintiffs' allegations do not assert price discrimination in the sale of commodities.

The Robinson-Patman Act prohibits price discrimination in the sales of commodities. 15 U.S.C. § 13(a). *See Volvo Trucks North Am., Inc. v. Reeder-Simco GMC, Inc.,* 546 U.S. 164, 176 (2006) (Robinson-Patman Act proscribes price discrimination only to the extent that it threatens to injure competition). But Plaintiffs' Complaint alleges that eBay discriminated against auction houses by providing differing services.

Although the Act does not define the terms "commodity" or "service", "[l]egislative history reveals … that Congress intended the Act to apply to tangible goods and not services."

---

[4] Any attempt by Plaintiffs to amend their allegations to meet this requirement would necessarily fail. Since Plaintiffs did not receive services directly from eBay, the only allegation they could assert against eBay to meet this requirement would be that eBay failed to make the "auction time-duration tool" available to direct service purchasers like Molayem as well as Live Auctioneers. Even if this were true (which it is not, as eBay is informed and believes that such tool was in fact available to Live Auctioneers), such an allegation still fails to support a Robinson-Patman Act claim because Molayem and Live Auctioneers are not *competitors*. Rather, Live Auctioneers is simply a third-party intermediary that provides technology services to Molayem's competitors. Compl. ¶¶ 8, 10.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

*May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1214 (9th Cir. 1980). Other courts' holdings support this finding. In particular, courts have determined that:

- Newspaper advertising is not a commodity within this section; thus advertising practices of newspaper with respect to placement of advertisements did not violate the Robinson-Patman Act. *Nat'l Tire Wholesale, Inc. v. Washington Post Co.*, 441 F. Supp. 81 (D.C.D.C. 1977).

- Nor is provision of cellular telephone service system the sale of a commodity for purposes of the Robinson-Patman Act. *Metro Commc'ns Co v. Ameritech Mobile Commc'ns, Inc.*, 984 F.2d 739 (6th Cir. 1993).

- Nor is printing of comic books a sale of a commodity for purposes of the Robinson-Patman Act. *First Comics, Inc. v. World Color Press, Inc.*, 884 F.2d 1033 (7th Cir. 1989), *cert. denied,* 493 U.S. 1075 (1990).

Plaintiffs already admit that eBay is a service provider and is not in the business of selling commodities. *See* Compl. ¶ 7 (alleging that eBay "promotes the goods and services of others" and "facilitates" direct and live auction sales transactions); *id.* ¶ 17 (alleging that eBay "host[s]" Live Auctions). Similarly, Plaintiffs admit that Windsor Auctions merely contracted with eBay for the provision of services. *See* Compl. ¶ 10. The contract between eBay and Windsor Auctions clearly explains that eBay is simply a service provider and is not directly involved in the sales transactions between the auction house and the buyer. *See* Sand Decl. ¶ 2 (Agreement[5] at Exh. B, ¶ 1.1 ("eBay is not a certified Auction House and therefore does not conduct the Live Auctions. The Live Auction allows Company to list items in Live Auctions run by certified auctioneers. eBay is solely a passive conduit to facilitate communication between Company and Buyers.")). Thus, on its face, the Robinson-Patman Act does not and cannot apply to the Live Auction service transaction described in Plaintiffs' Complaint.

---

[5] As fully explained in eBay's request for judicial notice filed contemporaneously herewith, the terms of the agreement between eBay and Windsor Auctions, to which the Live Auction Agreement is attached and incorporated, are appropriate for consideration on motion to dismiss because the agreement is referenced in Plaintiffs' Complaint. Compl. ¶¶ 10, 31 & 35. Because of the confidential nature of the parties' agreement, a true and correct copy of the agreement will be lodged with the Court under seal pending the Court's granting of the Administrative Motion to File Under Seal pursuant to Civ. L.R. 79-5 filed herewith.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

### 3. Even if Plaintiffs had stated a prima facie case under the Robinson-Patman Act, such a claim would necessarily fall to the "availability exception" defense.

Plaintiffs' Robinson-Patman claim also fails because the allegations necessarily succumb to the "availability exception," an affirmative defense to the application of the Robinson-Patman Act. Under this defense, if a lower price is made available to an allegedly disfavored buyer, but the buyer does not take advantage of the offer, the resulting price difference is not actionable under subsection (a) of the Robinson-Patman Act. *See Klamath-Lake Pharms. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1283 (9th Cir. 1983), *cert. denied,* 464 U.S. 822. In that case, plaintiff purchasers sued defendant seller for price discrimination. The only evidence of discrimination was a ten percent volume discount rate. *Id.* The court held that this did not constitute price discrimination because "[t]he discount was available to any buyer with purchases over $300." *Id.* Plaintiffs claimed they never received the offer, but the court found that contention alone was "not enough" evidence of unavailability. *Id.*

Here, even assuming that Plaintiffs' allegations of price discrimination were true, the claim fails because Plaintiffs have not alleged (and cannot) that they were prohibited from becoming direct Live Auction customers of eBay (rather than doing business through the third-party intermediary Live Auctioneers). On the contrary, under the facts as alleged in the Complaint, one can only infer that Plaintiffs were free to interface directly with eBay, just like their competitor George Molayem.[6] Compl. ¶¶ 10, 12. Because the Complaint acknowledges that the "auction time-duration tool" at issue was available to direct customers of eBay, even if it was not available to auction houses doing business through a third-party intermediary, any claim for violation of the Robinson-Patman Act necessarily succumbs to the "availability exception" defense. Thus, Plaintiffs' first claim for relief for violation of the Robinson-Patman Act should be dismissed with prejudice.

---

[6] Indeed, the agreement between eBay and Windsor Auctions expressly states that it is non-exclusive. *See* Sand Decl. ¶ 5.

**B.  As a matter of law, California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045, does not apply to Plaintiffs' allegations.**

**1.  Plaintiffs do not allege that eBay extended special services or privileges to purchasers purchasing upon like terms and conditions.**

California's Unfair Practices Act provides, in relevant part:

> The secret[7] payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers ***special services or privileges not extended to all purchasers purchasing upon like terms and conditions***, to the injury of a competitor and where such payment or allowance tends to destroy competition, is unlawful.

Cal. Bus. & Profs. Code § 17045 (emphasis added).

In Section 17045 claims involving the extension of special services or privileges to certain purchasers, a plaintiff must allege and prove that the purchasers were purchasing on "like terms and conditions." *Eddins v. Redstone,* 134 Cal. App. 4th 290, 332-33 (2006). But, per the Plaintiffs' allegations, the auction houses receiving different services are clearly purchasing on *different* terms and conditions. Direct eBay clients, like Molayem, are purchasing under one set of terms and conditions, while indirect eBay clients, like Plaintiffs, who interface with eBay indirectly via a third-party intermediary, are purchasing under a different set of terms and conditions. Furthermore, Plaintiffs purchased services from Live Auctioneers, a third-party intermediary completely independent from eBay, while Molayem purchased services directly from eBay. Compl. ¶ 8, 10, 12. To hold eBay liable under Section 17045 under Plaintiffs' alleged facts would be to hold eBay responsible for the services, practices and policies of an independent third-party with whom Plaintiffs elected to do business. As a matter of law, Plaintiffs' allegations do not support a claim for a violation of Section 17045; consequently, Plaintiffs' second claim for relief should be dismissed.

---

[7] Secrecy is another required element of a Section 17045 claim. Plaintiffs conclusorily allege that eBay "initially secretly allowed Mr. Molayem to use the Batch Uploading Tool, and now openly condones such use." Compl. ¶ 15. But Plaintiffs plead no facts to support the conclusion that eBay "secretly allowed" the use of the auction time-duration tool, and eBay disputes this conclusion. In fact, as noted in footnote 2, *supra*, to the best of eBay's knowledge, the auction time-duration "tool" is simply a timing function of eBay's Live Auction platform.

**2.   Even if Plaintiffs stated a prima facie case for a violation of Section 17045, such a claim would necessarily fall to the "functional classification" defense.**

The "functional classification" defense entitles the seller to use different prices when selling to buyers in different classifications because a buyer "in the favored classification performs some function, and assumes the risks and costs of that function, that would otherwise be incurred by the seller." *Eddins*, 134 Cal. App. 4th at 337. For example, a special distributor who purchased records and placed them in self-service racks at retail outlets was permitted to be "given the standard 38 percent dealer discount, [offered to all record retailers], plus an additional 10 percent off the remaining cost because of his extra expenses in supplying and servicing the racks." *Harris v. Capitol Records Distributing Corp.*, 64 Cal. 2d 454, 457 (1966). The court reasoned that, based on the purchasers' different functional classifications, defendant did not discriminate between them. *Id*. at 463.

Likewise, eBay is entitled to offer differing services to auction houses who do business with eBay directly, rather than those who interface with eBay indirectly via a third-party intermediary. Direct auction houses "assume[] the risks and costs of [doing direct business with eBay] that would otherwise be incurred by [eBay or third-party intermediary Live Auctioneers]" and thus are entitled to receive special services as a matter of California law. *Eddins*, 134 Cal. App. 4th at 337.

**C.   Plaintiffs' allegations do not support a claim for common law unfair competition.**

**1.   Plaintiffs' allegations do not support the typical common law unfair competition scenario of misappropriation of a competitor's goods.**

It is impossible to tell from the vague allegations of the Complaint under which branch of unfair competition law Plaintiffs hope to state a claim. Plaintiffs' allegations are obviously outside the typical scope of California's common law of unfair competition, which encompasses claims relating to misappropriation of a competitor's goods. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1147 (9th Cir. 1997) (quoting *Bank of the West v. Sup. Ct.*, 2 Cal. 4th 1254,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

1263 (1992)) ("The common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another…..").[8]

### 2. Plaintiffs' allegations do not support claims for breach of confidential relationship or fiduciary duty, nor trade secret protection.

Even interpreting the common law of unfair competition more broadly than the Ninth Circuit or the California Supreme Court have done, Plaintiffs have failed to plead with particularity any potentially applicable common law unfair competition claim. According to one California appellate court, unfair competition claims can include contractual non-compete provisions, as well as the following torts: breach of confidential relationship, breach of fiduciary duty, interference with prospective economic advantage, interference with contractual relations, trade secret protection, and misappropriation. *Balboa Ins. Co. v. Trans. Global Equities*, 218 Cal. App. 3d 1327, 1341-42 (1990).[9] Assuming for the sake of argument that "unfair competition" should be read so broadly as to include all of these claims, eBay is forced to guess which branches of unfair competition apply to the Complaint. Clearly, Plaintiffs' allegations do not encompass the enforcement of a contractual non-compete provision; nor do Plaintiffs' allegations support claims for breach of confidential relationship or fiduciary duty, nor trade secret protection.

---

[8] To state a claim for the typical unfair competition misappropriation claim, the following elements must be alleged: (1) the plaintiff invested substantial time, skill or money in developing its property; (2) the defendant appropriated and used the property at little or no cost; (3) the plaintiff did not authorize or consent to the property's appropriation and use; and (4) the plaintiff was injured by the appropriation and use. *City Solutions Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 842 (9th Cir. 2004). Plaintiffs have made no such allegations.

[9] It appears from this analysis that the *Balboa* court construes "unfair competition" much more broadly than the traditional common law context to include an array of common law and statutory claims.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

### 3. Plaintiffs' allegations do not support claims for interference with prospective economic advantage.

The two branches possibly applicable to the facts of this case are intentional and negligent interference with prospective economic advantage.[10] But Plaintiffs' allegations fail to support such claims.

To state a claim for intentional interference with economic advantage, Plaintiff must allege: "(1) an existing economic relationship or one 'containing the probability of future economic benefit'; (2) knowledge by the defendant of that relationship; (3) acts by defendant designed to disrupt the relationship; (4) actual disruption of the relationship; (5) damages proximately caused by the acts of the defendant." *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003)(quoting *Della Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 380 n.1 (1995)). "Significantly, the act must be 'wrongful by some legal measure other than the fact of interference itself.'" *Id*. (citing *Della Penna*, 11 Cal. 4th at 393).

Plaintiffs fail to plead facts supporting all of these elements. First, Plaintiffs fail to plead an existing economic relationship. Even construing the Complaint to allege a loss of potential customers, such allegation would not suffice because "an existing relationship is required." *Id*. at 957 (citing *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (1994)). Furthermore, Plaintiffs have not alleged that eBay has committed an act that is wrongful by some legal measure other than the fact of interference itself.

Nor have Plaintiffs successfully stated a claim of negligent interference with prospective economic advantage. The tort of negligent interference with prospective economic advantage is established where a plaintiff demonstrates: (1) an economic relationship between plaintiff and some third party with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of that relationship; (3) defendant engaged in wrongful conduct; (4) it was reasonably

---

[10] eBay addresses these possible claims in an abundance of caution, despite the fact that most cases treat them as separate from any claims of common law unfair competition. *See, e.g.*, *Southland Sod Farms*, 108 F.3d at 1147; *Allen v. Ghoulish Gallery*, No. 06cv371, 2007 WL 4207923, at *11-12 (S.D. Cal. Nov. 20, 2007); and *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1310-13, 1315-16 (N.D. Cal. 1997).

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

11.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

foreseeable that the wrongful conduct would interfere with the economic relationship if defendant failed to exercise due care; (5) defendant was negligent; (6) the economic relationship was actually interfered with; and (7) plaintiff lost in whole or in part the economic benefit from the economic relationship. 5 Witkin, Summary 10th (2005) Torts, § 753, p. 1090; BAJI §§ 7.82.1, 7.86.1. In addition, the court must first determine as a matter of law whether defendant owed plaintiff a duty of care. 5 Witkin, Summary 10th (2005) Torts, § 751, p. 1086.

Just like the intentional interference claim, this claim fails because, if anything, the Complaint merely contains speculative allegations of economic relationships. Further, this claim fails because Plaintiffs have failed to allege any duty of care on the part of eBay, and, as discussed in Section IV.D, below, any such duty would be extra-contractual and thus inconsistent with the terms of the agreement between eBay and Windsor Auctions.

Plaintiffs' allegations clearly do not support the misappropriation claim typically associated with the common law of unfair competition. Even if the Court construes the common law of unfair competition extremely broadly to encompass intentional or negligent interference with prospective economic advantage, Plaintiffs' allegations fail to support such claims. Consequently, Plaintiffs' third claim for violations of California's common law of unfair competition should be dismissed.[11]

### D. Plaintiffs have not stated a valid claim for breach of implied covenant of good faith and fair dealing.[12]

Under California law, every contract contains an implied covenant of good faith and fair dealing which requires that neither party do anything that will deprive the other of the benefits of the contract. *See Kransco v. Am. Empire Surplus Lines Ins. Co.,* 23 Cal. 4th 390, 400 (2000). However, a covenant of good faith and fair dealing may be implied *only to protect the express terms of the contract.* "The covenant of good faith is read into contracts in order to protect the

---

[11] At a minimum, this claim should be dismissed with leave to amend so that eBay may clearly and fully understand the claims asserted against it.

[12] By Plaintiffs' own admission, this cause of action can only be asserted by Windsor Auctions against eBay; it cannot be asserted by Jewelry Auctions Corporation because they are not alleged to be a party to the contract. *See* Compl. ¶¶ 10, 31.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

12.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

1  express covenants or promises of the contract, not to protect some general public policy interest
2  not directly tied to the contract's purposes." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690
3  (1988). "[T]he implied covenant protects only the parties' right to receive the benefit of their
4  agreement." *Id.*, at 699 n.39. *Accord Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
5  2 Cal. 4th 342, 373 (1992) ("It is universally recognized the scope of conduct prohibited by the
6  covenant of good faith is circumscribed by the purposes and express terms of the contract").
7  "[I]mplied terms should never be read to vary express terms." *Carma Developers,* 2 Cal. 4th at
8  374.

9  Plaintiffs contend that Windsor Auctions entered into a written agreement with eBay,
10 pursuant to which Windsor Auctions would sell jewelry via eBay's Live Auctions platform.
11 Compl. ¶ 31.[13] Plaintiffs further allege that, under this agreement, eBay agreed to provide a
12 venue for Windsor Auctions to conduct online auctions, and Windsor Auctions agreed to pay
13 eBay certain fees for using that venue to sell items at auction. *Id.* Plaintiffs have not alleged that
14 eBay failed to perform under the contract by failing to provide the promised venue. Instead, the
15 only allegation of breach is that "eBay has engaged in unfair dealing in connection with the
16 agreement, by providing the Batch Uploading Tool to Mr. Molayem but not to Plaintiffs." *Id.*
17 ¶ 33.[14]

18 Plaintiffs have not alleged—and cannot—that the relevant contract required eBay to
19 provide an "auction time-duration tool" or to disclose competitors' use of such a tool should such

---

[13] Plaintiffs neglected to attach what they contend is the relevant agreement between Windsor and eBay "because it contains a confidentiality provision." Compl. ¶ 35. Because an assessment of Plaintiffs' allegation of breach requires perusal of the terms of this confidential agreement, and because, as explained in eBay's request for judicial notice filed contemporaneously herewith, the terms of the agreement are appropriate for consideration on motion to dismiss, a true and correct copy of the agreement will be lodged with the Court pending the Court's granting of the Administrative Motion to File Under Seal pursuant to Civ. L.R. 79-5 filed herewith.

[14] eBay is puzzled by Plaintiffs' allegation that they were not "provided" with the "tool" because, in pre-litigation correspondence between the parties, Plaintiffs acknowledged that the so-called tool was always available through eBay and by extension thereof, to Live Auctioneers, LLC and Plaintiffs. Further, Plaintiffs admitted that the so-called tool is not a "'magic bullet' employed by [competing] vendors," but rather, it is only "creative use" of the timing function available to all eBay Live Auction sellers.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

13.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

tool be available to some auction houses (such as those interfacing directly with eBay). In fact, such an allegation would be inconsistent with the terms of the agreement between Windsor and eBay. The agreement contains an "entire agreement" provision, which forecloses Plaintiff from alleging such an extra-contractual duty. *See* Sand Decl. ¶ 2 (Agreement at ¶ 19(g)). The express terms of the agreement only require eBay to provide Windsor Auctions access to its venue for conducting online auctions.[15] *See id.* (Agreement at ¶ 2). Plaintiffs have alleged no facts to support the conclusion that eBay has failed to fulfill this contractual covenant. Because "[t]he implied covenant protects only the parties' right to receive the benefit of their agreement," *Foley*, 47 Cal. 3d at 699 n.39, and because Plaintiffs have not alleged, and cannot, that eBay has not fulfilled its contractual duty to provide its Live Auction venue to Windsor Auctions, Plaintiffs' breach of implied covenant claim should be dismissed.

### E. Leave to Amend Should Be Denied Since Amendment Would Be Futile.

Plaintiffs should not be given leave to amend the first, second, or fourth claims for relief asserted in the Complaint. Amendment should not be granted when doing so would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004). As demonstrated above, Plaintiffs cannot state a claim for relief under the Robinson-Patman Act because (1) eBay is a service provider, not a seller of commodities, (2) the current dispute concerns only disparate services, not discriminatory pricing, and (3) Plaintiffs' allegations concede that the disparate services were provided by different service providers (*i.e.*, eBay versus third-party intermediary Live Auctioneers). Likewise, Plaintiffs cannot state a claim for relief under Section 17045 of California's Unfair Practices Act because Plaintiffs' allegations concede that the disparate services were provided by different service providers (*i.e.*, eBay versus third-party intermediary Live Auctioneers). Finally, Plaintiffs cannot state a claim for breach of implied covenant because the agreement between the parties simply cannot support an implied covenant on eBay's part to not offer disparate services to direct versus indirect clients, or to

---

[15] The contract also contains a "no warranty" provision which explains that eBay does not warrant that its services will meet Windsor Auction's requirements or that the operation of eBay's services will be error free. Sand Decl. ¶ 2 (Agreement at ¶ 13).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

14.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW

impose a duty on eBay to disclose competitors' manipulations of offered services. Such covenants are inconsistent with the express terms of the agreement and thus forbidden. For these reasons, Plaintiffs should not be granted leave to amend their first, second, or fourth claims for relief.

Moreover, Plaintiffs have not stated a valid claim for violation of California's common law of unfair competition, and under the facts alleged, it appears impossible for them to do so. At the very minimum, Plaintiffs should be required to re-plead this claim to provide eBay sufficient notice of what claim they are truly asserting.

## V. CONCLUSION

For all of these reasons, Defendant eBay Inc. respectfully requests that this Court dismiss Plaintiff's first through fourth causes of action.

### REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, eBay hereby requests a jury trial as to all the issues to which it is so entitled.

Dated: February 12, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
WHITTY SOMVICHIAN (194463)

s/Heather C. Meservy
Heather C. Meservy
Attorneys for Defendant eBay, Inc.
Email: hmeservy@cooley.com

575029/SD

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

15.

MOTION TO DISMISS
CASE NO. C 07 06454 RMW