1  RALPH J. SWANSON, CA STATE BAR NO. 67751
   H. ANN LIROFF, CA STATE BAR NO. 113180
2  SHANNON N. COGAN, CA STATE BAR NO. 214976
   BERLINER COHEN
3  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
4  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
5  FACSIMILE: (408) 998-5388
   ralph.swanson@berliner.com
6  ann.liroff@berliner.com
   shannon.cogan@berliner.com
7

8  ATTORNEYS FOR PLAINTIFFS
   WINDSOR AUCTIONS, INC. AND
9  JEWELRY AUCTIONS, INC.

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| WINDSOR AUCTIONS, INC., a Florida corporation, and JEWELRY AUCTIONS, INC., a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., a Delaware corporation,<br><br>Defendant. | CASE NO. C07 06454 RMW (PVT)<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DIMISS<br><br>Date:   April 11, 2008<br>Time:   9:00 AM<br>Judge:  Hon. Ronald M. Whyte |

CASE NO. C07 064 54 RMW (PVT)

\SCOGAN\756489.1
032108-16885001

PLAINTIFFS' MPA IN OPPOSITION TO DEFENDANT'S MOTION TO DIMISS

TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 1

III. ARGUMENT ................................................................................................................... 3

    A. eBay Has Failed to Meet the Legal Standard Necessary for the Court to Grant its Motion to Dismiss .................................................................................. 3

    B. Plaintiffs Allege Facts Sufficient to Maintain a Robinson-Patman Act Claim Against eBay .............................................................................................. 4

        1. Plaintiffs Have Alleged Two or More Contemporaneous Sales by the Same Seller ............................................................................................ 5

        2. Plaintiffs Have Alleged Price Discrimination in the Sale of Commodities ........................................................................................... 5

        3. The Availability of an Affirmative Defense Is not a Basis on Which to Grant a Motion to Dismiss ...................................................... 7

    C. Plaintiffs Allege Facts Sufficient to Maintain a California Unfair Practices Act Claim Against eBay ...................................................................................... 7

    D. Plaintiffs Allege Facts Sufficient to Maintain a Common Law Unfair Competition Claim Against eBay ....................................................................... 8

    E. Plaintiffs Allege Facts Sufficient to Maintain a Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Against eBay ....................... 10

    F. If the Court Determines that Any of Plaintiffs' Claims Fail to State a Cause of Action Against eBay, Leave to Amend Should Be Granted................ 11

IV. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Ansel Communications, Inc. v. Novell, Inc.*
  1999 U.S. Dist. LEXIS 22738 (N.D. Cal. 1999) .................................................................. 6, 7

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1988) ..................................................................................................... 4

*Cahill v. Liberty Mut. Ins. Co.*
  80 F.3d 336 (9th Cir. 1996) ....................................................................................................... 4

*Conley v. Gibson*
  355 U.S. 41 (1957) ................................................................................................................ 4, 7

*Durning v. First Boston Corp.*
  815 F.2d 1265 (9th Cir. 1987) ................................................................................................... 4

*Jackson v. Carey*
  353 F.3d 750 (9th Cir. 2003) ................................................................................................... 11

*J'Aire Corp. v. Gregory*
  (1979) 24 Cal. 3d 799 ................................................................................................................ 9

*Lange v. TIG Ins. Co.*
  (1998) 68 Cal. App. 4th 1179 .................................................................................................... 9

*May Dep't Store v. Graphic Process Co.*
  637 F.2d 1211 (9th Cir. 1980) ................................................................................................... 6

*National Med. Transp. Network v. Deloitte & Touche*
  (1998) 62 Cal. App. 4th 412 ...................................................................................................... 9

*Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*
  662 F.2d 641 (9th Cir. 1981) ................................................................................................. 4, 7

*Rangen, Inc. v. Sterling Nelson & Sons, Inc.*
  351 F.2d 851 (9th Cir. 1965) ..................................................................................................... 6

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*
  (1970) 1 Cal. 3d 586 .................................................................................................................. 9

*Van Buskirk v. Cable News Network, Inc.*
  284 F.3d 977 (9th Cir. 2002) ................................................................................................. 1, 4

**Statutes**

California Business and Professions Code §§ 17405, *et seq.* ........................................................ 7

**Rules**

Federal Rules of Civil Procedure, Rule 8(a) ............................................................................. 3, 7

**Other Authorities**

79 Congressional Record 9079, June 11, 1935 ................................................................................ 6

Plaintiffs Windsor Auctions, Inc. and Jewelry Auctions, Inc. hereby oppose the motion by Defendant eBay Inc. to dismiss every cause of action in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.    INTRODUCTION

The essential allegation underpinning eBay's arguments is that Plaintiffs never were eBay's clients. This is plainly wrong. The fact of the business relationship between Plaintiffs and eBay is illustrated by reference to the Complaint. The nature of the relationship between eBay and Plaintiffs is demonstrated by the written agreement eBay filed under seal with the Court. eBay agreed to conduct business with Plaintiffs, and to offer Plaintiffs both services and technology, including software, in connection with Plaintiffs' use of eBay's Live Auctions platform. The fact of the direct contractual relationship, demonstrated by the agreement submitted by eBay itself, eviscerates eBay's central thesis that it did not conduct business with Plaintiffs.

As explained herein, each of eBay's protests to the four causes of action in the complaint is unavailing, and the motion should be denied.

II.    STATEMENT OF FACTS[1]

Plaintiffs are in the business of selling jewelry. Complaint ¶ 10. eBay owns and operates the largest online marketplace in the world at its website located at www.ebay.com. Complaint ¶ 7. eBay facilitates direct sales transactions between users, and also facilitates live auctions through its website located at www.ebayliveauctions.com ("eBay Live Auctions"). Complaint ¶ 7. In 2002, Live Auctioneers LLC ("Live Auctioneers") established a <u>partnership</u> with eBay to help bring auction catalogs to the Internet for live online bidding. Complaint ¶ 8. Live Auctioneers offers technology and services connecting auction houses and bidders through eBay

---

[1] eBay's Motion to Dismiss contains numerous references to "facts" outside the Complaint. See, *e.g.*, eBay's representations regarding the availability of the Batch Uploading Tool (p. 3 fn. 2 and p. 5 fn 4), as well as the reference to pre-litigation correspondence (p. 13 fn 14). Except under circumstances not present here, the Court should not consider facts outside the Complaint in ruling on eBay's Motion to Dismiss. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Live Auctions and a technological platform through which remote auction transactions can be made <u>on eBay's website</u>. Complaint ¶ 8.

In 2005, Windsor Auctions entered into written agreements with both Live Auctioneers and eBay[2], pursuant to which Windsor Auctions would sell jewelry domestically and internationally through eBay Live Auctions. Complaint ¶ 10. eBay agreed to provide Windsor Auctions with "the services and technology" necessary to enable Windsor Auctions to conduct live jewelry auctions on eBay Live Auctions, including "the tools associated with eBay such as Mr. Lister."[3] eBay-Windsor Agreement, Sections 4(a) and 1(j). Plaintiffs commenced selling jewelry through Live Auctioneers and eBay Live Auctions. Complaint ¶ 10.

From mid-2005 through 2006, revenue from sales for Windsor Auctions through eBay's Live Auctions exceeded $1.4 million. Complaint ¶ 10. Commencing in mid-2007, Plaintiffs realized that instead of enjoying increased sales to a projected $2.8 million for 2007, Plaintiffs' sales and revenues were decreasing markedly. Complaint ¶ 11. While Plaintiffs' sales and revenue were decreasing, those of a competitor, George Molayem, increased dramatically. Complaint ¶ 12. Mr. Molayem runs a variety of businesses which conduct live jewelry auctions through eBay Live Auctions. Complaint ¶ 12. Mr. Molayem does not use the intermediary services of Live Auctioneers; rather, he is a direct client of eBay. Complaint ¶ 12. eBay earns a lesser commission on live auction sales conducted with the assistance of Live Auctioneers than it does on live auctions conducted directly through eBay. Complaint ¶ 9.

Plaintiffs discovered that Mr. Molayem had access to an auction time-duration tool (the "Batch Uploading Tool") that, when manipulated, allowed him to upload auction items in batches, placing his sales items at the front of eBay's "core listings," which appear first in sales

---

[2] The referenced agreement between eBay and Windsor Auctions will hereafter be called the "eBay-Windsor Agreement," which eBay has submitted to the Court under seal.

[3] "Mr. Lister" is a software product described more fully at Section III.B(2) below. While eBay submitted the eBay-Windsor Agreement under seal, eBay also put the terms of the agreement at issue in its moving papers, which were not submitted under seal and so are publicly available. It did so by offering its own interpretation of those terms. Thus, eBay has waived any argument that the publicly-discussed terms of the eBay-Windsor Agreement are confidential, and Plaintiffs have selectively quoted provisions necessary to counter effectively eBay's arguments.

1  listings on the website. Complaint ¶ 13. Mr. Molayem's manipulation of the Batch Uploading
2  Tool allowed his items to be consistently placed at the front of the "core listings," regardless of
3  the ending time for his auctions. Complaint ¶ 13. The Batch Uploading Tool was not available
4  to Plaintiffs, so Plaintiffs' items were listed at or near the end of the total listings until just a few
5  hours before the ending time. Complaint ¶ 14. Accordingly, Plaintiffs' listings were so buried
6  as to be virtually invisible through much of the duration of an auction, and that lack of visibility
7  has had a dramatically negative effect on Plaintiffs' sales. Complaint ¶ 14.

8  eBay is aware of Mr. Molayem's manipulation of the Batch Uploading Tool, initially
9  secretly allowed Mr. Molayem to use the Batch Uploading Tool, and now openly condones such
10 use. Complaint ¶ 15. This reckless approach by eBay has resulted in a competitive advantage
11 for Mr. Molayem and his eBay Live Auctions businesses, and a concomitant competitive
12 disadvantage for all other sellers not provided access to the Batch Uploading Tool, including
13 Plaintiffs. Complaint ¶ 15. Mr. Molayem's items enjoyed preferential listing status, making
14 Plaintiffs' items difficult to find and therefore less likely to attract buyers. Complaint ¶ 20.

15 Plaintiffs use eBay's live auctions services on like terms and conditions as Mr. Molayem.
16 eBay extended to Mr. Molayem a special privilege, the use of the Batch Uploading Tool, which
17 was not extended to Plaintiffs. Complaint ¶ 22. eBay's extension to Mr. Molayem of this
18 special privilege has injured Plaintiffs in that their sales and revenues have declined substantially
19 as a result. Complaint ¶ 23. eBay's secret acquiescence in Mr. Molayem's use of the Batch
20 Uploading Tool, a special privilege not extended to Plaintiffs, tends to destroy competition in
21 that Plaintiffs and Mr. Molayem, both competitors in the same marketplace, are not competing
22 on an even basis. Complaint ¶ 24.

23 III.   ARGUMENT

24    A.   eBay Has Failed to Meet the Legal Standard Necessary for the Court to Grant
           its Motion to Dismiss
25
26 Federal Rule of Civil Procedure 8(a) requires complaints to contain "a short and
27 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro.
28 ("F.R.C.P.") 8(a). "[A]ntitrust pleadings need not contain greater factual specificity" than other

CASE NO. C07 064 54 PVT

-3-

complaints. *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 648 (9th Cir. 1981).

A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill*, 80 F.3d at 338. Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim – and not the claim's substantive merits – "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). When the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).[4]

### B. Plaintiffs Allege Facts Sufficient to Maintain a Robinson-Patman Act Claim Against eBay

eBay argues that Plaintiffs' Robinson-Patman Act claim fails because (1) Plaintiffs have not alleged "two or more contemporaneous sales by the same seller;" (2) Plaintiffs have not alleged price discrimination in the sale of commodities; and (3) eBay is entitled to assert the "availability exception" affirmative defense. Each argument fails. eBay's agreement to provide services and technology constitutes a commodity sufficient to state a claim under the Robinson-Patman Act. Plaintiffs have alleged two such sales of services and

---

[4] Plaintiffs did not attach the Windsor/eBay agreement to the Complaint because the agreement contains a confidentiality provision (*see* Complaint ¶ 35), and because incorporation of the entire agreement is not necessary to support Plaintiffs' claims. However, Plaintiffs referenced the agreement in the Complaint, eBay has now filed the agreement with the Court under seal, and Plaintiffs have no objection to the Court's consideration of the agreement in connection with eBay's motion to dismiss, as eBay requests.

technology by eBay: one to Plaintiffs, and one to George Molayem. Finally, the availability of an affirmative defense is not a basis on which to grant a motion to dismiss – eBay may assert the defense in its answer, and will be tasked with proving that defense.

### 1. Plaintiffs Have Alleged Two or More Contemporaneous Sales by the Same Seller

eBay's focus on its provision of the Batch Uploading Tool is misplaced in this analysis. It is not the sale of the tool that supports Plaintiffs' Robinson-Patman claim; it is the sale of access to the eBay Live Auctions platform, and the technology to enable Windsor Auctions and George Molayem to conduct their jewelry auctions. eBay sold these services and technology to both Windsor Auctions and Mr. Molayem (through his various business entities). eBay's conduct in offering the Batch Uploading Tool to Mr. Molayem but not to Plaintiffs is the wrongful conduct at issue, but the seller is eBay and the sale was for access and technology relating to eBay Live Auctions.

eBay argues that Live Auctioneers is a "third-party intermediary completely independent from eBay." While this is demonstrably not true,[5] it is at best a disputed fact that eBay is entitled to deny in its answer. eBay's objection to Plaintiffs' characterization of the eBay/Live Auctioneers relationship as a "partnership" is not a basis on which to dismiss any of Plaintiffs' claims.

### 2. Plaintiffs Have Alleged Price Discrimination in the Sale of Commodities

Windsor Auctions entered into a written agreement with eBay, pursuant to which Windsor Auctions would sell jewelry via eBay's Live Auctions platform. Complaint ¶ 31. eBay agreed to provide Windsor Auctions with "the services and technology" necessary to enable Windsor Auctions to conduct live jewelry auctions on eBay Live Auctions, meaning "the

---

[5] A widely available press release from 2004 heralds the "significant marketing partnership agreement" between Live Auctioneers and eBay Live Auctions, and states that the two entities will work in "close association […] providing clients with encoded online catalogs and access to a full suite of marketing and tracking tools." Declaration of Gregory Skibbee ("Skibbee Decl."), ¶ 2. Plaintiffs' allegations that the two entities have a partnership are sufficient for purposes of denying eBay's motion to dismiss, but given eBay's statement that Live Auctioneers is "completely independent from eBay," Plaintiffs bring this extrinsic evidence to the Court's attention.

tools associated with eBay such as Mr. Lister." eBay-Windsor Agreement, Sections 4(a) and 1(j). The referenced tool, Mr. Lister, is a software product now called Turbo Lister that eBay customers must use for inventory control and bulk uploading of their auction catalogs, and is required for use of eBay Live Auctions. Skibbee Decl., ¶¶ 3,4. As is clear from the language of the eBay-Windsor Agreement, eBay also provides other software and associated tools in connection with the use of eBay Live Auctions.

The Ninth Circuit has held that under Robinson-Patman, a sale of commodities is a "sale of goods, wares, or merchandise and is not merely a contract for services." *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1214 (9th Cir. 1980) (*quoting Rangen, Inc. v. Sterling Nelson & Sons, Inc.,* 351 F.2d 851 (9th Cir. 1965)). In *May*, the Ninth Circuit found that there were "no congressional discussions on the distinction between goods and services," and that "[l]egislative history reveals only that Congress intended the Act to apply to tangible goods and not services." *Id.* (*quoting* 79 Cong. Rec. 9079, June 11, 1935).

Here, the transaction involves both goods and services. For this situation, the *May* court adopted the "dominant nature" test to determine how to characterize the transaction for the purposes of the Robinson-Patman Act. 637 F.2d at 1215. Under this test, a court looks to whether a transaction is primarily for tangible products or for services. *Id*.

This Court has previously applied the dominant nature test in similar factual circumstances, in connection with a motion for summary judgment. *Ansel Communications, Inc. v. Novell, Inc.,* 1999 U.S. Dist. LEXIS 22738 (N.D. Cal. 1999). In *Ansel*, the issue was whether a software developer's agreements with distributors and resellers involved the sale of "commodities" within the Robinson-Patman Act. The software developer argued that it licensed the right to use its software, that the license conveyed no ownership rights in the software, and that such transactions should be considered licenses and not sales of commodities. *Ansel* at *7. It argued further that any use of tangible materials in connection with the software, such as manuals, disks, or packaging, was incidental because the software could be downloaded via the Internet. *Id*. The plaintiff argued that the software developer treated the distribution of its software as sales of tangible goods. *Id*. at *8. This Court ruled that neither party had carried its

1  burden on summary judgment and that the case presented a factual question not suitable for
2  summary adjudication. *Id.* at *8-9.

3  Similarly, the determination here as to whether the dominant nature of the transactions
4  between the parties is for services or commodities is a factual determination and is not
5  appropriately made in connection with this motion to dismiss.  At a minimum, Plaintiffs'
6  Complaint coupled with the eBay-Windsor Agreement demonstrates that the express contractual
7  relationship contemplates provision of both services and "technology," including software, and
8  this is sufficient to allege the sale of a commodity under Robinson-Patman.

        3.        The Availability of an Affirmative Defense Is not a Basis on Which to Grant a Motion to Dismiss

eBay's final attack on the Robinson-Patman claim is that Plaintiffs have not made allegations sufficient to overcome an affirmative defense eBay believes to be available to it.  This argument fails as well, because a plaintiff is not required to plead around every potential affirmative defense in order to state a claim under the Federal Rules.  Rather, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "antitrust pleadings need not contain greater factual specificity" than other complaints.  F.R.C.P. 8(a); *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, *supra*, 662 F.2d at 648.  The claim may be dismissed only if it appears beyond doubt that Plaintiffs can prove <u>no set of facts</u> in support of their claim that would entitle them to relief.  *Conley v. Gibson*, *supra*, 355 U.S. at 45-46.

Therefore, Plaintiffs are not required to plead <u>every set of facts</u> that would entitle them to relief, including a set of facts designed to overcome the "availability exception" affirmative defense.  Instead, Plaintiffs are required to plead at least one set of facts that would entitle them to relief, as they have done.

    C.    Plaintiffs Allege Facts Sufficient to Maintain a California Unfair Practices Act Claim Against eBay

eBay's central argument regarding the Second Cause of Action under the California Unfair Practices Act (California Business and Professions Code §§ 17405, *et seq.*), is based on its faulty premise that because Plaintiffs used Live Auctioneers' services in connection

CASE NO.  C07 064 54 PVT     -7-

\SCOGAN\756489.1
032108-16885001

PLAINTIFFS' MPA IN OPPOSITION TO DEFENDANT'S MOTION TO DIMISS

with offering its jewelry auctions on eBay Live Auctions, Plaintiffs were not clients of eBay. eBay argues this means that Plaintiffs and Mr. Molayem were not purchasing on "like terms and conditions," as is required to support a claim under the Unfair Practices Act for the extension of special privileges to certain purchasers. To the contrary, the facts alleged by Plaintiffs present a textbook case of the extension of special privileges.

Plaintiffs are eBay's clients and use eBay's live auctions services, as demonstrated by both the allegations of the Complaint and the eBay-Windsor Agreement. Plaintiffs have alleged that they use eBay's live auction services on like terms and conditions as Mr. Molayem, and that eBay extended to Mr. Molayem a special privilege, the use of the Batch Uploading Tool, which was not extended to Plaintiffs. Complaint ¶ 22.

It is true that Plaintiffs purchased some services and technology from Live Auctioneers – this fact is at the heart of eBay's motivation to provide Mr. Molayem special privileges, as eBay garners higher listing fees from its business with Mr. Molayem than from its business with Plaintiffs. Complaint ¶ 9. Plaintiffs' interaction with Live Auctioneers does not negate the fact that Plaintiffs also purchased services and technology from eBay.

Finally, eBay again asserts that the alleged availability of an affirmative defense entitles it to have Plaintiffs' claim dismissed now. eBays argues that it is entitled to offer different services to Mr. Molayem and Plaintiffs, and so will be successful in asserting the "functional classification" defense. This is not a jurisdictional defense, and it depends upon a factual showing. As stated earlier, the potential availability of an affirmative defense is not a basis on which to grant a motion to dismiss. To rule otherwise would fundamentally alter the litigation process to eliminate discovery and the opportunity, as well as the obligation, of litigants to prove their claims and defenses.

D. Plaintiffs Allege Facts Sufficient to Maintain a Common Law Unfair Competition Claim Against eBay

Plaintiffs' claim for common law unfair competition incorporates all of the factual allegations set forth in the Complaint. Plaintiffs allege that eBay engaged in an activity that was known to affect an economic relationship of Plaintiff (Complaint, ¶ 26 – eBay provided the

1   Batch Uploading Tool to Mr. Molayem but not to Plaintiffs), that there was a foreseeable risk of
2   harm to Plaintiffs' economic relationship if eBay failed to use ordinary care (Complaint, ¶ 7 –
3   eBay operates the largest online marketplace in the world and facilitates direct sales transactions
4   and live auctions), that there was a close connection between eBay's negligence and Plaintiffs'
5   injuries (Complaint, ¶¶ 18, 20 – eBay's encouraging and endorsing Mr. Molayem's use of the
6   Batch Uploading Tool resulted in his items' enjoying preferential listing status, making
7   Plaintiffs' items difficult to find and therefore less likely to attract buyers, and Plaintiffs' sales
8   plummeted), that Plaintiffs' injury resulted in certain damages (Complaint, ¶¶ 20, 29), and that
9   eBay's conduct was wrongful or blameworthy (Complaint, ¶¶ 16-25) – eBay's provision of the
10  Batch Uploading Tool as a secret privilege violates both the Robinson-Patman Act and the
11  California Unfair Practices Act).

12  This is sufficient to state a cause of action for negligent interference with economic
13  relations, which is a form of unfair competition under California law. A cause of action for
14  negligent interference with economic relations is elementally similar to negligence actions in
15  general, and in particular to actions to recover for economic losses resulting from negligence in
16  performing a contract to which the plaintiff was a third party beneficiary. *J'Aire Corp. v.
17  Gregory* (1979) 24 Cal. 3d 799, 804-08. Here, Plaintiffs have alleged duty, breach, causation,
18  and injury. *See United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal. 3d 586, 594
19  (general elements of actionable negligence). There is a question whether an allegation of
20  wrongful conduct beyond the interference itself is required (*compare National Med. Transp.
21  Network v. Deloitte & Touche* (1998) 62 Cal. App. 4th 412, 440 *with Lange v. TIG Ins. Co.*
22  (1998) 68 Cal. App. 4th 1179, 1187-89). Nevertheless, Plaintiffs have alleged the conduct is
23  wrongful by virtue of the allegations that it violates the Robinson-Patman Act and the California
24  Unfair Practices Act.

25  Plaintiffs' Third Cause of Action for common law unfair competition states a claim
26  against eBay and the motion should be denied.

27
28

CASE NO. C07 064 54 PVT -9-

\SCOGAN\756489.1
032108-16885001

PLAINTIFFS' MPA IN OPPOSITION TO DEFENDANT'S MOTION TO DIMISS

### E. Plaintiffs Allege Facts Sufficient to Maintain a Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Against eBay

To maintain a claim for breach of the implied covenant of good faith and fair dealing, it is not necessary to allege that the eBay-Windsor Agreement "required eBay to provide an 'auction time-duration tool' or to disclose competitors' use of such a tool," contrary to eBay's argument. *See* eBay's Memorandum of Points and Authorities, pp. 13:18 – 14:3. Rather, those specific allegations would support a claim for <u>breach of contract</u> for eBay's provision of the Batch Uploading Tool to Mr. Molayem but not to Plaintiffs. Breach of contract and breach of the implied covenant of good faith and fair dealing protect different interests in the performance of the contract. In fact, one cannot maintain a claim for breach of the covenant if it does not go beyond a statement of mere contract breach. *Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal. App. 3d 1371, 1395 (1990).

Rather than allegations supporting a claim for breach of the express terms of the contract, what is necessary here are allegations that eBay acted in a way that injured the right of Plaintiffs to receive the benefits of the agreement. *Progressive West Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 277 (2005). The implied covenant imposes upon each party the obligation to do everything that the contract presupposes they will do to accomplish its purpose, and bad faith implies unfair dealing rather than mistaken judgment. *Id*.

Plaintiffs have alleged that eBay and Windsor Auctions entered into the eBay-Windsor Agreement, and they have alleged the general terms of that agreement – for eBay to provide a Live Auction platform for sales of jewelry. Complaint, ¶ 31. eBay has introduced to the Court the eBay-Windsor Agreement detailing eBay's agreement to provide the tools necessary for Windsor Auctions to use eBay's Live Auction platform. eBay-Windsor Agreement, Sections 4(a) and 1(j). Plaintiffs have alleged that eBay provided the Batch Uploading Tool to their competitor, Mr. Molayem, but not to them, and that eBay's actions were unfair, secretive, and injured Plaintiffs. Complaint, ¶ 13-15, 22, 33. Plaintiffs have alleged that eBay acquiesced in Mr. Molayem's use of the Batch Uploading Tool because Mr. Molayem's completed sales generate more revenue for eBay than do sales by Plaintiffs. Complaint, ¶ 25. Finally, Plaintiffs

have alleged that Windsor Auctions reasonably expected that entering into the eBay-Windsor Agreement would put Windsor on equal footing with all other sellers using eBay Live Auctions, and that eBay's actions disappointed those reasonable expectations. Complaint, ¶ 34.

These allegations are sufficient to state that eBay acted in a way that injured the right of Windsor Auctions to receive the benefits of the eBay-Windsor Agreement, and the motion to dismiss the Fourth Cause of Action should be denied.

F.  If the Court Determines that Any of Plaintiffs' Claims Fail to State a Cause of Action Against eBay, Leave to Amend Should Be Granted

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Plaintiffs' Complaint satisfies the Federal Rules requirement for notice pleading and eBay's motion should be denied in its entirety. If the Court determines that more detail is required, the Court should grant leave to amend the Complaint.

IV.  CONCLUSION

eBay contracted directly with Windsor Auctions, agreeing to provide it both products – such as "Mr. Lister" and other "technology and tools" – and services in connection with Windsor's use of eBay's Live Auctions platform. eBay also agreed to provide these products and services to Windsor's competitor in live auction jewelry sales, George Molayem. The software and technology that eBay contracted to provide are commodities, bringing these business dealings within the Robinson-Patman Act.

eBay's arguments challenging the sufficiency of each of the four causes of action in the complaint are unavailing, as demonstrated herein, and the motion should be denied in its entirety.

DATED: MARCH 21, 2008                       RESPECTFULLY SUBMITTED,

                                            BERLINER COHEN

                                            BY:  */s/*
                                                RALPH J. SWANSON
                                                H. ANN LIROFF
                                                SHANNON N. COGAN
                                                ATTORNEYS FOR PLAINTIFFS
                                                WINDSOR AUCTIONS, INC. AND
                                                JEWELRY AUCTIONS, INC.