1  RALPH J. SWANSON, CA STATE BAR NO. 67751
   H. ANN LIROFF, CA STATE BAR NO. 113180
2  SHANNON N. COGAN, CA STATE BAR NO. 214976
   BERLINER COHEN
3  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
4  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
5  FACSIMILE: (408) 998-5388
   ralph.swanson@berliner.com
6  ann.liroff@berliner.com
   shannon.cogan@berliner.com
7
8  ATTORNEYS FOR PLAINTIFFS
   WINDSOR AUCTIONS, INC. AND
9  JEWELRY AUCTIONS, INC.

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13 | WINDSOR AUCTIONS, INC., a Florida        | CASE NO. C07 06454 RMW
   | corporation, and JEWELRY AUCTIONS,       |
14 | INC., a Florida corporation,             | JOINT CASE MANAGEMENT
   |                                          | CONFERENCE STATEMENT
15 |              Plaintiffs,                 | [Pursuant to Civil Local Rule 16-9]
16 |       v.                                 | Date:       April 11, 2008
   |                                          | Time:       10:30 AM
17 | EBAY INC., a Delaware corporation,       | Courtroom   6
   |                                          | Judge:      Hon. Ronald M. Whyte
18 |              Defendant.                  | Case Filed: December 21, 2007
   |                                          | Trial Date: None Set
19

20

21         Pursuant to Civil Local Rule 16-9, the parties submit the following Initial Joint Case

22 Management Conference Statement:

23         1.     Jurisdiction and Service:

24         The Court has jurisdiction over WINDSOR AUCTIONS, INC.'s and JEWELRY

25 AUCTIONS CORPORATION's ("Plaintiffs") claims and eBAY, INC. 's ("Defendant's")

26 potential counterclaims based upon 28 U.S.C. §§ 1331 and 1332.  Jurisdiction is established on

27 both Federal Question (Robinson-Patman) and/or Diversity grounds (Principal Places of

28

1  Business of both Plaintiffs outside the State of California).  Venue is proper under 28 U.S.C. §

2  1391 based upon contract and is undisputed.

3      2.    <u>Facts</u>:

4      <u>Plaintiffs' Complaint</u>

5      On December 21, 2007, Plaintiffs filed the instant action against defendant for (1)

6  Violations of The Robinson-Patman Act, 15 U.S.C. §§ 13 et. seq., (2) Violations of The Unfair

7  Practice Act, California B & P Code §17045, (3) Common Law Unfair Competition, and (4)

8  Breach of the Implied Covenant of Good Faith and Fair Dealing.  The causes of action in

9  Plaintiffs' complaint are based upon Plaintiffs' contention that eBay offered to its direct users an

10  end time duration tool that was not available to companies that contracted with eBay's auction

11  partners.  In Plaintiffs' view, this tool had a direct and negative impact upon those companies

12  that were not able to access the tool and gave an advantage to its live jewelry auction competitor,

13  George Molayem, who was a direct customer of eBay Live and sued the end time duration tool

14  to dominate eBay's core live jewelry auction listings for the maximum time.  This dominance

15  prevented the listings of other jewelry auctioneers, who were not direct customers of eBay Live,

16  from having their product viewed prominently in the jewelry core listing categories in a timely

17  fashion by prospective buyers.

18      <u>eBay's Position</u>

19  In response to Plaintiffs' complaint, eBay filed a motion to dismiss all of Plaintiffs' claims

20  without leave to amend, pursuant to Fed. R. Civ. P. 12 (b) (6).  The hearing on that Motion is

21  scheduled for April 11, 2008  3.Legal Issues:

22      3.    <u>Legal Issues</u>:

23      The Statutes at issue substantively are: a) the Robinson-Patman Act, 15 U.S.C. §§ 13 et.

24  seq. and its applicability to the facts at issue in the complaint, and b) The California B & Code §

25  17045 and its applicability.  The applicability of these statutes is currently pending in the

26  defendant's Fed. R. Civ. P. § 12(b) (6) motion.

27  ///

28  ///

4.    <u>Motions</u>:

As stated above, defendant's Motion to Dismiss under Fed. R. Civ. P. 12 (b) (6) is pending.  Plaintiffs have no current plans to file motions pursuant to this complaint, but reserve the right to properly notice any applicable motions, if and when they are necessary.  At a later stage in these proceedings, eBay may exercise its right to file a motion for summary judgment and/or summary adjudication.

5.    <u>Amendment of Pleadings</u>:

Dependent upon the outcome of the pending Fed. R. Civ. P. 12 (b) (6) Motion, Plaintiffs reserve their right to amend their existing pleadings, consistent with the Court ruling.  Plaintiffs do not anticipate amendments or claims to be added to this action at this time; however, they reserve their right to do so at a later time, if and when such further claims become known to them.

6.    <u>Evidence Preservation</u>:

Plaintiffs have maintained any and all records relevant to this case on hard drives and computers and have taken all steps taken to preserve evidence relevant to the issues in the case, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.  Defendants have done the same.

7.    <u>Disclosures</u>:

As stated above, there is a pending Fed. R. Civ. P. 12 (b) (6) Motion to Dismiss.  As a result, the parties have agreed to defer their respective disclosures, pursuant to Fed. R. Civ. P. 26, until fourteen (14) calendar days after the e-filing of the final Order on the Motion to Dismiss.

The parties further agree pursuant to Fed. R. Civ. P. 26, that they will disclose: a) categories of documents, rather than the actual documents, b) an initial list of witnesses, subject to the right to timely amendment of the list, if and when additional witnesses become known to any party; and c) Plaintiffs' initial general damage disclosure subject to augmentation and refinement as more and further damages related to the categories in the disclosure become known.

///

\ALIROFF\756736.1
032508-16885001

8.    <u>Discovery</u>:

The parties have initially agreed to the following discovery limitations, subject to augmentation, consistent with Fed. R. Civ. P. 26 (b) (2):  a) Ten (10) depositions per party initially subject to augmentation consistent with the Federal Rules of Civil Procedure, b) Twenty-five interrogatories per party pursuant to Fed. R. Civ. P. 33, c) unlimited Requests for Production of Documents pursuant to Fed. R. Civ. P. 34, and d) unlimited Requests for Admission pursuant to Fed. R. Civ. P. 36, subject to the limitations in Fed. R. Civ. P. 26 (b) (1).

9.    <u>Related Cases</u>:

The parties are unaware at this time of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

10.    <u>Relief</u>:

Given defendant's pending Fed. R. Civ. P. 12 (b) (6) Motion and the parties' agreement not to serve a Statement of Damages pursuant to Fed. R. Civ. P. 26 (a) (1) (A) (iii) until an order on such motion has been issued, Plaintiffs can only generally set forth the nature and type of damages sought.  Plaintiffs are seeking compensatory and incidental damages according to proof, treble damages pursuant to federal and state law, statutory attorneys' fees, costs of suit incurred and such other relief as the court should deem just.  Plaintiffs reserve the right to supplement and specify the relief sought pursuant to its Fed. R. Civ. P. 26 (a) (1) (A) (iii) disclosure, and if discovery as propounded reveals additional categories or types of damages, for which Plaintiffs will amend the Rule 26 disclosure in a timely manner.

11.    <u>Settlement and ADR</u>:

Plaintiffs contend that events that have occurred subsequent to the filing of this case may make it more difficult to settle, as eBay has given notice that it intends to terminate all user IDs that have any relationship to Windsor Auctions, Inc. or related entities on April 6, 2008. Nevertheless, the parties have agreed, in compliance with ADR L.R. 3-5, to an Early Settlement Conference before a Magistrate Judge to occur within 90 days of the issuance of the Court's ruling on eBay's currently pending motion to dismiss.  Accordingly, the parties have separately

filed a Notice of Need for ADR Phone Conference under Civil Local Rule 16-8 and ADR L.R. 3-5.

12.    Consent to Magistrate Judge For All Purposes:

The parties do not consent to assignment of this case to a magistrate judge for all purposes.

13.    Other References:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14.    Narrowing of Issues:

Given defendant's pending Fed. R. Civ. P. 12 (b) (6) Motion, it is premature to ascertain at this time whether there are issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

15.    Expedited Schedule:

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

16.    Scheduling:

Given defendant's pending Fed. R. Civ. P. 12 (b) (6) Motion, it is premature to suggest proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17.    Trial:

Both parties have demanded and request a jury in this matter.  Plaintiffs and defendant anticipate that trial of this matter could be as long as 20 court days.

18.    Disclosure of Non-party Interested Entities or Persons:

eBay has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  eBay has disclosed no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest

\ALIROFF\756736.1
032508-16885001

1  that could be substantially affected by the outcome of the proceeding.  Although Plaintiffs did

2  not initially disclose any interested entities or persons, inasmuch as eBay has now stated an

3  intention to terminate multiple user IDs, some of which are not involved in the instant litigation,

4  Plaintiffs reserve their rights to file a "Certification of Interested Entities or Persons" under

5  Local Rule 3-16, when and if they can be adequately identified.

6

7  DATED:  MARCH 26, 2008                    RESPECTFULLY SUBMITTED,

8                                                                BERLINER COHEN

9
                                                                 BY:    /S/ H. ANN LIROFF
10                                                                        RALPH J. SWANSON
                                                                          H. ANN LIROFF
11                                                                        SHANNON N. COGAN
                                                                          ATTORNEYS FOR PLAINTIFFS
12                                                                        WINDSOR AUCTIONS, INC. AND
                                                                          JEWELRY AUCTIONS, INC.
13

14  DATED:  MARCH 26, 2008                    COOLEY GODWARD KRONISH LLP

15

16                                                                BY:   /S/ HEATHER C. MERSERVY
                                                                          MICHAEL G. RHODES
17                                                                        WHITTY SOMVICHIAN
                                                                          MELINA PATTERSON
18                                                                        HEATHER C. MERSERVY
                                                                          ATTORNEYS FOR  DEFENDANT EBAY, INC.
19

20

21

22

23

24

25

26

27

28

CASE NO. C07 06454 RMW

-6-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT