1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121
   Telephone:     (858) 550-6000
4  Facsimile:      (858) 550-6420

5  COOLEY GODWARD KRONISH LLP
   WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
6  MELINA K. PATTERSON (211907) (mpatterson@cooley.com)
   101 California Street, 5th Floor
7  San Francisco, CA 94111-5800
   Telephone:     (415) 693-2000
8  Facsimile:      (415) 693-2222

9

10  Attorneys for Defendant eBay Inc.

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                      SAN JOSE DIVISION

14

15  WINDSOR AUCTIONS, INC., a Florida        Case No.  C 07 06454 RMW
16  corporation, and JEWELRY AUCTIONS
    CORPORATION, a New Jersey corporation,   **eBay's Reply in Support of Its**
17                                           **Motion to Dismiss Plaintiffs'**
                Plaintiffs,                  **Complaint**
18
            v.
19
    EBAY, INC., a Delaware corporation,      Date:        April 11, 2008
20                                           Time:        9:00 a.m.
                Defendant.                   Judge:       Ronald M. Whyte
21                                           Trial Date:  Not yet set

22

23         Plaintiffs' Complaint ("Compl.") contains a crucial admission which defeats Plaintiffs'

24  claims against eBay: Plaintiffs elected to interface with eBay's Live Auction website through

25  intermediary Live Auctioneers, while other auction houses elected to interface directly with eBay.

26  *See* Compl. ¶¶ 8, 10, 12-14.  Plaintiffs' Opposition ("Opp.") attempts to downplay this crucial

27  admission but instead sheds light on Plaintiffs' election to use the intermediary.[1]

28
___
[1]  Plaintiffs' omission of Live Auctioneers as a defendant appears to be an attempt to obfuscate

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

eBay's Reply i/s/o Motion to Dismiss
Case No. C 07 06454 RMW

As the Opposition papers acknowledge, Plaintiff Windsor Auctions entered into a contractual relationship with eBay identical to the contractual relationship enjoyed by their competitors Hillstreet Jewelers, Paramount Auctions, and Jewelry Overstock Auctions. *See* Opp. at 2, 5-6, 8. *See also* Compl. ¶¶ 10, 12. Under the agreement, eBay granted both Windsor and its competitors "a non-exclusive, non-transferable, royalty-free license to access and use the Online Service[2] for [Plaintiffs'] internal business purposes...." eBay-Windsor Agreement at ¶ 4(a); *see* Opp. at 5-6. But Windsor chose to utilize the tool from Live Auctioneers instead of using the tool provided by eBay. *See* Compl. ¶¶ 8-10.

Plaintiffs do not dispute that eBay provided access to Turbo Lister. Skibbee Decl. ¶¶ 3-4; Opp. at 2-3. Indeed, Mr. Skibbee states in his declaration that he was provided with a software manual detailing, among other things, "inventory control and bulk uploading of auction catalogs," that is, the so-called "Batch Uploading Tool" referenced in the Complaint, merely upon a request to eBay. *See* Skibbee Decl. ¶¶ 3-4; Compl. ¶ 13. But Plaintiffs chose not to use Turbo Lister even though they had the right and ability to do so. *See* eBay-Windsor Agreement at ¶ 4(a) (expressly providing licensed rights to use Turbo Lister to interface directly with eBay). Instead, they chose to interface with eBay via intermediary Live Auctioneers' "technology platform." Compl. ¶¶ 8-10; Opp. at 1-2. Now they inexplicably seek to hold eBay liable for shortcomings in Live Auctioneers' software platform.

Because the Complaint alleges that different service providers (that is, eBay and intermediary Live Auctioneers) provided different sellers with differing services (that is, eBay's software platform, as contrasted with Live Auctioneers' software platform) and fails to allege that eBay discriminated in pricing or sold any tangible goods to Plaintiffs, Plaintiffs have failed to state prima facie claims for violations of the Robinson-Patman Act and California's Unfair Practices Act. In fact, Plaintiffs' affirmative allegations demonstrate that Plaintiffs could not successfully amend their Complaint to state claims under the Robinson-Patman Act or

the fact that they connected to eBay through Live Auctioneers. *See* Compl. ¶¶ 8-10.
[2] The Agreement defines eBay's "Online Service" to include "Mr. Lister." eBay-Windsor Agreement ¶ 1(j). As Mr. Skibbee's declaration states, "Mr. Lister is now named Turbo Lister." Skibbee Decl. ¶ 3.

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

eBay's Reply i/s/o Motion to Dismiss
Case No. C 07 06454 RMW

California's Unfair Practices Act.  For this reason, these claims should be dismissed with prejudice and without leave to amend.  Furthermore, Plaintiffs' allegations do not support claims for common law unfair competition or for breach of implied contractual covenant, and these claims likewise require dismissal.

## I.  ARGUMENT

### A.  Plaintiffs Have Not Stated a Prima Facie Claim for a Violation of the Robinson-Patman Act.

Plaintiffs' Opposition all but concedes that their Robinson-Patman Act claim should be dismissed.  The Robinson-Patman Act addresses *price discrimination* in *sales of commodities* by the *same seller.*  Plaintiffs' Complaint alleges that *differing services* (not commodities) were offered by *different sellers.*  There are no allegations regarding discriminatory pricing in the Complaint or Opposition.[3]  These allegations do not state a prima facie claim under the Robinson-Patman Act.  Moreover, Plaintiffs' allegations demonstrate that amendment to attempt to state a claim would be futile, as these allegations are inherently inconsistent with a Robinson-Patman Act violation.  Accordingly, Plaintiffs' first claim for relief should be dismissed with prejudice.

### 1.  The Technology Services at Issue Are Not a Commodity, and There Are No Allegations of Price Discrimination.

Plaintiffs acknowledge that the Robinson-Patman Act applies to tangible goods and not services, but contend that the transaction here involves a *mix* of goods and services sufficient to trigger a factual dispute as to the dominant nature of the transaction.  But Plaintiffs' allegations only support the conclusion that the technology involved was a service.  Accordingly, this issue is appropriate for disposition on motion to dismiss.  *See Nat'l Tire Wholesale, Inc. v. Washington Post Co.,* 441 F. Supp. 81, 84 (D.C.DC. 1977) (judgment on pleadings in Robinson-Patman Act

---

[3] The Complaint merely states that "eBay earns a lesser commission on live auction sales conducted with the assistance of Live Auctioneers than it does on live auctions conducted directly through eBay." Compl. ¶ 9.  But an allegation that eBay received different commissions on sales is not tantamount to an allegation that Windsor and its competitors were charged different prices.  Rather, it only underscores the fact that two different service providers are alleged here, proving further that the Robinson-Patman Act does not apply.

1    case is warranted if the nonmoving party failed to state a claim upon which relief may be

2    granted).

3         In *Ansel Commc'ns*, this Court addressed contracts between a software manufacturer and

4    distributors for the distribution and resale of software to third parties and found that the parties

5    had presented evidence and arguments which created a factual dispute as to the dominant nature

6    of the transaction, sufficient to preclude summary judgment. *Ansel Commc'ns, Inc. v. Novell,*

7    *Inc.,* No. C-97-21088, 1999 WL 33302368 (N.D. Cal. March 24, 1999). Here, there can be no

8    reasonable dispute that Plaintiffs' allegations relate purely to technology *services* provided by

9    eBay and Live Auctioneers. The dominant nature test "is only applicable when the transaction

10   involves both the sale of goods and services." *Metro Commc'ns Co. v. Ameritech Mobile*

11   *Commc'ns, Inc.,* 984 F.2d 739, 745 (6th Cir. 1993). None of Plaintiffs' allegations support (or

12   even suggest) that eBay sold any tangible goods. Rather, Plaintiffs' allegations relate exclusively

13   to computer services offered by eBay and Live Auctioneers. *See* Compl. ¶¶ 7, 10, 17; Windsor-

14   eBay Agreement, Exh. B, ¶ 1.1 (eBay and Live Auctioneers provided different technology

15   services which facilitated auction houses' access to the eBay Live Auctions website which serves

16   as a venue for auction houses to sell their wares). Thus, it is clear from Plaintiffs' allegations that

17   only services were involved in this technology transaction.

18        Plaintiffs cannot avoid this conclusion by referring to some of the options associated with

19   the provided services as "tools." *See id.* ¶ 13; Opp. at 5-6. Such "tools" are not tangible goods

20   constituting "commodities" under the Robinson-Patman Act; rather, such "tools" are merely

21   functions of the intangible services offered by eBay and/or Live Auctioneers. Like the cellular

22   telephone services addressed in *Metro Commc'ns,* the technology services allegedly provided by

23   eBay and Live Auctioneers "cannot be produced, felt, or stored, even in small quantities. The

24   plaintiffs do not buy a quantity of it, store it, and resell it to their customers." *Metro Commc'ns,*

25   984 F.2d at 745. And Plaintiffs admit that "[i]t is not the sale of the tool that supports Plaintiffs'

26   Robinson-Patman claim; it is the sale of access to the eBay Live Auctions platform." Opp. at 5.

27   This distinction differentiates the *Ansel Commc'ns* case, because the software in that case was a

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

EBAY'S REPLY I/S/O MOTION TO DISMISS
CASE NO. C 07 06454 RMW

1    good to be distributed and resold. Here, the software is merely a service by which competing

2    sellers interface with eBay's Live Auctions website in order to use that venue to sell their jewelry.

3            Moreover, allegations of price discrimination are required for a Robinson-Patman Act

4    claim. *See* Mot. at 4-5 (citing *Volvo Trucks North. Am., Inc. v. Reeder-Simco GMC, Inc.,* 546

5    U.S. 164, 176 (2006)). The Complaint is devoid of any allegations that Plaintiffs were forced to

6    pay a price different from the price offered to Plaintiffs' competitors. Instead, the Complaint

7    alleges discriminatory service provision—specifically, that certain technology "tools" (that is,

8    certain timing functions built into software) were provided to auction houses doing direct

9    business with eBay, but that other auction houses, like Windsor, who chose to access eBay

10   through Live Auctioneers, did not have access to such tools. *See generally* Compl. ¶¶ 8, 10, 12-

11   14. Plaintiffs' Opposition concedes that the Complaint does not allege discriminatory pricing,

12   and on this basis alone, Plaintiffs' Robinson-Patman Act claim requires dismissal.

13           2.      **Plaintiffs' Allegations Prove that the Services at Issue Were Provided
                     to It by Live Auctioneers LLC, While Other Services Were Provided**
14                   **by eBay.**

15           The Robinson-Patman Act contemplates sales transactions *by the same seller*. *Rutledge v.*

16   *Electric Hose & Rubber Co.,* 511 F.2d 668, 677 (9th Cir. 1975) (plaintiff must allege "[t]wo or

17   more contemporaneous sales by the same seller"). Plaintiffs' allegations demonstrate that the

18   differing services were provided by two different service providers—eBay and Live Auctioneers.

19   *See* Complaint ¶¶ 8, 10 (Plaintiff connected with eBay's Live Auctions platform via "technology

20   and services" offered by Live Auctioneers LLC); *id.* ¶¶ 12-14 (Molayem's businesses connected

21   directly with eBay's Live Auctions platform, without the technological assistance of Live

22   Auctioneers LLC).

23           In an attempt to overcome this pleading defect, Plaintiffs argue that:

24                   It is not the sale of the tool that supports Plaintiffs' Robinson-
                     Patman claim; it is the sale of access to the eBay Live Auctions
25                   platform, and the technology to enable Windsor Auctions and
                     Georgia Molayem to conduct their jewelry auctions. eBay sold
26                   these services and technology to both Windsor Auctions and Mr.
                     Molayem (through his various business entities).
27                   Opp. at 5.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.                    EBAY'S REPLY I/S/O MOTION TO DISMISS
                      CASE NO. C 07 06454 RMW

1    This argument ignores—and is completely undermined by—paragraphs 8 through 10 of

2    the Complaint, as well as the eBay-Windsor Agreement, which clearly show that Windsor

3    Auctions elected to connect with eBay's website not by using eBay's Turbo Lister but instead

4    using a technology platform offered by intermediary Live Auctioneers. *See* Compl. ¶¶ 8, 10, 13;

5    eBay-Windsor Agreement ¶ 4(a) and 1(j); *see also* Skibbee Decl. ¶¶ 3-4.

6    Plaintiffs' argument that Live Auctioneers and eBay "established a partnership" does not

7    salvage its Robinson-Patman claim. *See* Compl. ¶ 8; Opp. at 5 n.5; Skibbee Declaration ¶ 2.[4]

8    Robinson-Patman requires Plaintiffs to allege sales *by the same seller*; Plaintiffs have not and

9    cannot do so. Nor have Plaintiffs proffered authority for the position that *partners* are regarded as

10   the *same seller* under the Robinson-Patman Act. In fact, there is no authority to support this

11   argument. Without allegations of sales *by the same seller*, the Complaint does not state a prima

12   facie claim for eBay's violation of the Robinson-Patman Act. And because amendment of

13   Plaintiffs' claims would be futile to cure this defect, the claim should be dismissed with prejudice

14   and without leave to amend.

15          **3.      Plaintiffs' Own Allegations Necessarily Demonstrate Applicability of
16                   an Affirmative Defense Which Defeats Any Potential Robinson-
                     Patman Act Claim.**

17   Even if Plaintiffs had pleaded a prima facie claim for eBay's violation of the Robinson-

18   Patman Act, which they have not, Plaintiffs' claim still would fail because Plaintiffs cannot

19   overcome the "availability exception." Anytime a lower price is made available to an allegedly

20   disfavored buyer, but the buyer does not take advantage of the offer, the resulting price difference

21   is not actionable under the Robinson-Patman Act. *See* Mot. at 7. Rather than disputing this

---

23   [4] In addition, this extrinsic press release issued by Live Auctioneers is improper for consideration
24   on eBay's Motion to Dismiss (as Plaintiffs have not requested judicial notice and, at best, the
     press release is the unauthenticated hearsay of a nonparty). Moreover, this press release only
25   supports eBay's argument by demonstrating that eBay and Live Auctioneers are independent
     business entities, related only through a contractual relationship pursuant to which Live
26   Auctioneers provides its clients (including Windsor Auctions) "with encoded online catalogs and
     access to a full suite of marketing and tracking tools" in order to assist such clients' access to
27   eBay's Live Auctions website. *See* Skibbee Decl. Exh. A. Nothing in this press release suggests
     (nor could it) that Windsor could not use eBay's Turbo Lister even as a client of Live
28   Auctioneers.

1  argument or its applicability, Plaintiffs simply contend that they are "not required to plead around

2  every potential affirmative defense in order to state claim under the Federal Rules." Opp. at 7.

3  This is not true when Plaintiffs' own allegations demonstrate successful application of an

4  affirmative defense. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (If an

5  affirmative defense is apparent on the face of the complaint, the defense may be raised by a

6  motion to dismiss); *The Forty-Niner Lease v. Dept. of Transp.*, No. CV-F-07-406, 2007 WL

7  2362364, *6 (E.D. Cal. Aug. 14, 2007) ("[A]ffirmative defenses may be upheld on a motion to

8  dismiss only when they are established on the face of the complaint").

9        Here, the Complaint and eBay-Windsor Agreement demonstrate that Plaintiffs were free

10  to interface directly with eBay, just like competitor George Molayem.  Indeed, Plaintiffs'

11  Opposition papers acknowledge the licensed access to eBay's Turbo Lister.  *See* Opp. at 5-6;

12  Skibbee Decl. ¶¶ 3-4.  The Complaint further demonstrates that Plaintiffs elected to supplement

13  their eBay contract with an additional contract with Live Auctioneers, and Plaintiffs admit they

14  used Live Auctioneers' "technological platform" to make auction transactions available on

15  eBay's website.  Complaint ¶ 8.  *See also id.* ¶¶ 10, 12-14.  Plaintiffs' further admit that, rather

16  than using eBay's Turbo Lister, they elected to interface with eBay using Live Auctioneers'

17  software, which they state did not offer the same "inventory control and bulk uploading" options

18  as eBay's Turbo Lister.  Skibbee Decl. ¶ 4; *see* Opp. at 2.  There is no question that, even if

19  Plaintiffs had stated a Robinson-Patman Act claim (which they cannot), any such claim would

20  necessarily fall to the availability exception because Plaintiffs' admissions demonstrate their

21  election to not take advantage of the same terms and conditions as those utilized by Mr.

22  Molayem.  Accordingly, the Robinson-Patman claim should be dismissed.

23      **B.    Plaintiffs' Unfair Practices Act Claim Requires Dismissal With Prejudice.**

24        To state a prima facie claim under California's Unfair Practices Act, Cal. Bus. & Prof.

25  Code § 17045, Plaintiffs must allege that eBay "secretly extended to certain purchasers special

26  services or privileges not extended to all purchasers ***purchasing upon like terms and conditions***."

27  *Id.* § 17045 (emphasis added).  The Complaint addresses purchasers (Plaintiffs versus Mr.

28  Molayem's businesses) purchasing on different terms and conditions from different service

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

EBAY'S REPLY I/S/O MOTION TO DISMISS
CASE NO. C 07 06454 RMW

providers (eBay versus Live Auctioneers). Plaintiffs make two ineffective attempts to salvage their defective claim. First, they contend that Plaintiffs, like Mr. Molayem's businesses, were eBay's "client," and second, they rely on the Complaint's conclusory allegation that "Plaintiffs use eBay's live auctions services on like terms and conditions as Mr. Molayem." Opp. at 8; Compl. ¶ 22. Neither of these contentions saves Plaintiffs' Unfair Practices Act claim.

Plaintiffs have alleged that they, like Mr. Molayem's businesses, entered a contractual business relationship with eBay to access eBay's Live Auctions platform. But Plaintiffs further allege that, unlike Mr. Molayem's businesses, they entered into an additional contractual relationship with Live Auctioneers to use this intermediary's "technological platform" to interface with eBay's Live Auctions website. Compl. ¶ 8. *See also id.* ¶¶ 10, 12, and Opp. 2. Use of the intermediary Live Auctioneers' software resulted in Plaintiffs having access to different technology tools than those offered to sellers who opt to use eBay's Turbo Lister. *See* Compl. ¶¶ 12-14, Opp. at 2, Skibbee Decl. ¶¶ 3-4. Because Plaintiffs elected to interface with Live Auctioneers rather than interfacing directly with eBay, they cannot now force eBay to be responsible for the different terms and conditions offered by that intermediary.

Moreover, the Complaint's bald allegation that "Plaintiffs use eBay's live auctions services on like terms and conditions as Mr. Molayem"[5] is insufficient to overcome the Complaint's more specific allegations which demonstrate *differing* terms and conditions. *See, e.g.,* Compl. ¶¶ 8-10, 12. When a complaint's general averments are undermined by more specific allegations, the specific allegations control. *See Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal. App. 3d 1371, 1389-1390 (1990). Because Plaintiffs admit they purchased access from Live Auctioneers on very different terms and conditions as those offered by eBay, their Unfair Practices Act claim fails as a matter of law. Furthermore, because Plaintiffs' affirmative allegations demonstrate that amendment would be futile, this claim should be dismissed with prejudice and without leave to amend.

---

[5] Compl. ¶ 22.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

C.    **Plaintiffs' Common Law Unfair Competition Claim Fails.**

Plaintiffs contend their common law unfair competition claim should survive because their allegations support a claim for negligent interference with economic relations. Opp. at 9. But California courts treat such a claim as separate and distinct from a claim for common law unfair competition. *See, e.g., Southland Sod Farms*, 108 F.3d at 1147; *Allen v. Ghoulish Gallery*, No. 06cv371, 2007 WL 4207923, at *11-12 (S.D. Cal. Nov. 20, 2007); and *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1310-13, 1315-16 (N.D. Cal. 1997). Even if this claim were encompassed within the realm of common law unfair competition, Plaintiffs nonetheless have failed to adequately plead it.

Plaintiffs suggest they can state a claim for negligent interference with prospective economic advantage by merely alleging the elements required for a simple negligence claim, but this is untrue. In fact, a prima facie claim requires pleading seven elements as well as establishing a legal duty of care. *See* Mot. at 11-12. Plaintiffs have not alleged facts that establish a legal duty of care. Nor have they alleged prospective economic relationships sufficient to carry such a claim. To the contrary, Plaintiffs' allegations suggest, at best, purely speculative economic relationships insufficient to establish the required probability of future economic benefit. *Id.* Accordingly, Plaintiffs' claim for common law unfair competition should be dismissed.

D.    **Plaintiffs' Breach of Implied Covenant of Good Faith and Fair Dealing Claim Fails.**

As explained in eBay's Motion to Dismiss, a covenant of good faith and fair dealing can be implied *only to protect the terms of the parties' contract*. Mot. at 12-13. Plaintiffs anchor their breach claim to two contractual purposes: eBay promised (1) "to provide a Live Auction platform for sales of jewelry" and (2) "to provide the tools necessary for Windsor Auctions to use eBay's Live Auction platform." Opp. at 10. Plaintiffs do not contend that these contractual purposes were thwarted. Rather, they claim that they chose to access eBay's platform by using Live Auctioneers' software rather than eBay's Turbo Lister even though Live Auctioneers' software was somehow deficient. This contention cannot support a breach claim in light of

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

eBay's Reply i/s/o Motion to Dismiss
Case No. C 07 06454 RMW

Plaintiffs' admission that they elected to interface only indirectly with eBay's Live Auction website (unlike Mr. Molayem allegedly did), through Live Auctioneers' technology platform. Indeed, Mr. Skibbee's own declaration demonstrates that eBay provided access to Turbo Lister to any seller that asked.   Skibbee Decl. ¶¶ 3-4; *see also* eBay-Windsor Agreement ¶¶ 4(a), 1(j). These allegations demonstrate that eBay provided the licensed access it was contractually obligated to provide, and Plaintiff's breach of implied covenant claim cannot survive.

## II.   CONCLUSION

For these reasons, eBay respectfully requests that the Court dismiss all of Plaintiffs' claims, and, because Plaintiffs' allegations demonstrate that leave to amend would be futile, eBay further requests that the Court dismiss Plaintiffs' Robinson-Patman Act and Unfair Practices Act claims with prejudice and without leave to amend.

Dated: March 28, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
WHITTY SOMVICHIAN (194463)
MELINA K. PATTERSON (211907)
HEATHER C. MESERVY (223782)


s/_____
Melina K. Patterson
Attorneys for Defendant eBay, Inc.
Email: mpatterson@cooley.com

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

EBAY'S REPLY I/S/O MOTION TO DISMISS
CASE NO. C 07 06454 RMW