**United States District Court**
For the Northern District of California

1

2

3

4                                              **E-FILED on    7/1/08**

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

| | |
|---|---|
| 12  WINDSOR AUCTIONS, INC., a Florida corporation, and JEWELRY AUCTIONS 13  CORPORATION, a New Jersey corporation, | No. C-07-06454 RMW |
| 14          Plaintiffs, | |
| 15      v. | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |
| 16  EBAY, INC., a Delaware corporation, | |
| 17          Defendant. | **[Re Docket No. 10]** |

18

19      On December 21, 2007, plaintiffs Windsor Auctions, Inc. and Jewelry Auctions Corporation

20  ("plaintiffs") sued defendant eBay, Inc. ("eBay").  Plaintiffs' complaint purportedly sets forth claims

21  for violation of the Robinson-Patman Act, 15 U.S.C. § § 13 *et seq.*; violation of the California Unfair

22  Practices Act, Cal. Bus. & Prof. Code § 17045; common law unfair competition; and breach of the

23  implied covenant of good faith and fair dealing.  eBay moves to dismiss plaintiffs' complaint for

24  failure to state a claim.  For the reasons discussed below, the court grants eBay's motion with

25  prejudice with regard to plaintiffs' Robinson-Patman Act claim, grants eBay's motion without

26  prejudice as to plaintiffs' Unfair Practices Act and common law unfair competition claims, and

27  denies eBay's motion with respect to plaintiffs' claim for breach of the implied covenant of good

28  faith and fair dealing.

<div style="text-align: left; font-weight: bold;">United States District Court<br>For the Northern District of California</div>

# I. BACKGROUND

## A.    Factual Background

Plaintiffs are in the business of selling jewelry.  Compl. ¶ 10.  eBay owns and operates the largest online marketplace in the world at its website located at www.ebay.com.  *Id.* ¶ 7.  In addition to facilitating direct sales transactions between users, it also facilitates live auctions through its live auctions site at www.ebayliveauctions.com ("eBay Live Auctions").  *Id.*

In 2002, Live Auctioneers LLC ("Live Auctioneers") established a partnership with eBay to help bring auction catalogs to the Internet for online live bidding.  *Id.* ¶ 8.  Live Auctioneers offers a technology and services that connects auction houses and bidders through eBay Live Auctions.  *Id.*

In 2005, plaintiff Windsor Auctions entered into a written agreement with Live Auctioneers. *Id.* ¶ 10.  At the same time, Windsor Auctions entered a written agreement with eBay ("eBay-Windsor Agreement").[1]  Pursuant to the eBay-Windsor Agreement, eBay agreed to provide Windsor Auctions with "the services and technology" necessary to enable Windsor Auctions conduct live jewelry auctions on eBay Live Auctions, including "the tools associated with eBay such as Mr. Lister."  eBay-Windsor Agreement §§ 4(a), 1(j).

From mid-2005 through 2006, sales for Windsor Auctions through eBay's Live Auctions were at least $1.4 million.  *Id.* ¶ 10.  Although they expected to see their sales increase to $2.8 million in 2007, plaintiffs realized instead in mid-2007 that their sales through eBay's Live Auctions were decreasing.  *Id.* ¶ 11.  During the same period, plaintiffs allege that the sales of a competitor that also conducts live auctions through eBay Live Auctions were increasing.  *Id.* ¶ 12.  This competitor, George Molayem, runs a variety of businesses, including Hillstreet Jewelers, Paramount Auctions and Jewelry Overstock Auctions.  *Id.*  Molayem allegedly does not use the intermediary services of Live Auctioneers, but is a direct client of eBay.  *Id.*  Plaintiffs assert that they discovered that Molayem had access to what they characterize as "an auction time-duration tool" or "Batch

---

[1]  eBay asks the court to take judicial notice of the eBay-Windsor Agreement as it is referenced in the complaint in paragraphs 10 and 31.  The eBay-Windsor Agreement is referenced in the Declaration of Adam Sand, paragraph 2 and was filed under seal by eBay.  Plaintiffs do not dispute the authenticity of this document nor do they object to this request.  *See* Opp'n at 4 n.4. Accordingly, the court finds it appropriate to take judicial notice of the eBay-Windsor Agreement, which eBay has submitted to this court under seal.

**United States District Court**
For the Northern District of California

1  Uploading Tool" that allowed Molayem to upload auction items in batches, thereby consistently

2  placing his items for sale at the front of eBay's "core listings" no matter when his auctions ended.

3  *Id.* ¶ 13.  eBay's "core listings" appear first in sales listings on the website.  *Id.*  Plaintiffs assert that

4  the Batch Uploading Tool was not available to them, and that, as a result, their listings were listed

5  toward the end of total listings until a few hours before the listed auction ended.  *Id.*  Plaintiffs allege

6  that eBay has been aware of Molayem's use of the Batch Uploading Tool and at first secretly

7  allowed him to use the tool, but now openly permits the use of the tool.  *Id.* ¶ 15.  Plaintiffs further

8  allege that the provision of the Batch Uploading Tool to Molayem has provided him with a

9  competitive advantage as compared to other sellers like plaintiffs that were not provided access to

10  the Batch Uploading Tool.  *Id.*

11                                    **II.  ANALYSIS**

12         Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of a

13  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

14  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The court must accept the

15  facts alleged in the complaint as true.  *Id.*  "A complaint should not be dismissed unless it appears

16  beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

17  him to relief.'"  *Gilligan v. Jamco Dev.Corp.*, 108 F.3d 246, 248  (9th Cir. 1997).

18         Federal Rule of Civil Procedure 8(a) requires complaints to contain "a short and plain

19  statement of the claim showing that the pleader is entitled to relief." "[A]ntitrust pleadings need not

20  contain great factual specificity" than other complaints.  *Portland Retail Druggists Ass'n v. Kaiser*

21  *Found. Health Plan*, 662 F.2d 641, 648 (9th Cir. 1981).  "However, the court is not required to

22  accept legal conclusions cast in the form of factual allegations if those conclusions cannot

23  reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752,

24  754-55 (9th Cir. 1994).  "Nor is the court required to accept as true allegations that are merely

25  conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*

26  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

27         **A.      Robinson-Patman Act, 15 U.S.C. § 13 *et seq.***

28         The Robinson-Patman Act provides:

**United States District Court**
For the Northern District of California

1
2
3
4
5
6

It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them . . . .

7    15 U.S.C. § 13(a).   Section 13(a) provides that sales transactions are unlawful only if these six

8    separate judicial elements are present: "(1) Two or more contemporaneous sales by the same seller;

9    (2) At different prices; (3) Of commodities of like grade and quality; (4) Where at least one of the

10    sales was made in interstate commerce; (5) The discrimination had the requisite effect upon

11    competition generally; [and] (6) The discrimination caused injury to the plaintiff.  *Rutledge v.*

12    *Electric Hose & Rubber Co.*, 511 F.2d 668, 677 (9th Cir. 1975) (citations omitted).

13              **2.        Commodities**

14          eBay argues that plaintiffs cannot state a claim under the Robinson-Patman Act because the

15    transaction at issue did not involve a commodity.  As set forth above, section 2(a) of the

16    Robinson-Patman Act prohibits any person engaged in commerce "to discriminate in price between

17    different purchasers of commodities." 15 U.S.C. § 13(a).  The Robinson-Patman Act's prohibition on

18    price discrimination thus extends only to transactions involving commodities.  *May Dep't Store v.*

19    *Graphic Process Co.*, 637 F.2d 1211, 1214 (9th Cir. 1980); *see also Baum v. Investors Diversified*

20    *Services, Inc.*, 409 F.2d 872, 873 (7th Cir. 1969).

21          A sale of commodities is a "sale of 'goods, wares, or merchandise' and is not merely a

22    contract for services." *May*, 637 F.2d at 1214 (quoting *Rangen, Inc. v. Sterling Nelson & Sons, Inc.*,

23    351 F.2d 851 (9th Cir. 1965)).  The Ninth Circuit stated in *May* that there were "no congressional

24    discussions on the distinction between goods and services," and that "[l]egislative history reveals

25    only that Congress intended the Act to apply to tangible goods and not services." *May*, 637 F.2d at

26    1214 (quoting 79 Cong. Rec. 9079, June 11, 1935).  "Courts have strictly construed" the term

27    "commodit[y]" and held "that it denotes only tangible products of trade." *Innomed Labs., LLC v.*

28    *Alza Corp.*, 368 F.3d 148, 155 (2d Cir. 2004) (quoting *May*, 637 F.2d at 1214).

United States District Court
For the Northern District of California

1    In the complaint, plaintiffs describe eBay's business as follows: "eBay promotes the goods

2  and services of others by making available and facilitating a worldwide online marketplace through

3  which users may advertise their goods and services via the Internet.  eBay facilitates direct sales

4  transactions between suers, and also facilitates live actions through its website located at

5  www.ebayliveauctions.com." Compl. ¶ 7.  In their briefing in opposition to eBay's motion, plaintiffs

6  appear to assert that eBay provides as part of the eBay-Windsor Agreement the service described

7  above, as well as technology like the Batch Uploading Tool.  They assert that this combination of

8  service and technology is a "commodity" for purposes of the Robinson-Patman Act.

9    A number of courts have considered whether particular services and technology are

10  commodities under the Robinson-Patman Act.  "Consistent with decisions of the Seventh Circuit and

11  other courts, web site maintenance, an electronics retail franchise, credit card processing services,

12  and order processing services are not 'commodities' for purposes of the Robinson-Patman Act."

13  *Goodloe v. National Wholesale Co., Inc.*, 2004 WL 1631728 at *10 (N.D. Ill. 2004); *see also Advo*

14  *Inc. v. Philadelphia Newspapers, Inc.*, 51 F.3d 1191, 1195 n.3 (3d Cir. 1995); *First Comics, Inc. v.*

15  *World Color Press, Inc.*, 884 F.2d 1033, 1037 (7th Cir. 1989) (printing services provided to a comic

16  book publisher constitute a service rather than a commodity); *Ambook Enterprises v. Time, Inc.*, 612

17  F.2d 604 (2d Cir. 1979); *Columbia Broadcasting Systems, Inc. v. Amana Refrigeration, Inc.*, 295

18  F.2d 375 (7th Cir. 1961) (television broadcast time is not a commodity); *National Black Expo v.*

19  *Clear Channel Broadcasting, Inc.*, 2007 WL 495307 at *12 (N.D. Ill. 2007) (plaintiff's allegations

20  regarding discrimination in the sale of radio advertising time do not fall under the Robinson-Patman

21  Act)*; Berlyn, Inc. v. The Gazette Newspapers, Inc.*, 157 F. Supp. 2d 609, 621 (D. Md. 2001)

22  (newspaper advertising is not a commodity); *Credit Chequers Info. Servs., Inc. v. CBA, Inc.*, 1999

23  WL 253600 at *12 (S.D.N.Y. 1999) (credit reports are services and thus not commodities); *Nat'l*

24  *Tire Wholesale, Inc. v. Washington Post Co.*, 441 F. Supp. 81, 85-86 (D.D.C. 1977) (newspaper

25  advertising is not a commodity); *SCM Corp. v. Xerox Corp.*, 394 F. Supp. 384, 385 (D. Conn.1975)

26  (Robinson-Patman Act does not apply to leases and photocopier equipment lease requiring user to

27  pay a per copy charge was a lease of the copying process and thus a lease of a service rather than a

28  lease of a commodity); *LaSalle St. Press, Inc. v. McCormick & Henderson, Inc.*, 293 F. Supp. 1004,

**United States District Court**
For the Northern District of California

1    1006 (N.D. Ill. 1968) (a patent license granting the right or privilege to use a particular method or

2    process is not a commodity).

3          "When a transaction involves both goods and services, the *May* court adopted the 'dominant

4    nature' test to determine how to characterize the transaction for the purposes of the Robinson-Patman

5    Act." *Standfacts Credit Services, Inc. v. Experian Information Solutions, Inc.*, 405 F. Supp. 2d 1141,

6    1156 (C.D. Cal. 2005) (quoting *May*, 637 F.2d at 1215).  Plaintiffs urge the court to apply the

7    "dominant nature" test to determine that eBay has discriminated between two purchasers of

8    commodities.  However, courts only apply the dominant nature test where "the subject of the

9    contract is a *combination* of goods and intangible rights and services." *Innomed Labs*., 368 F.3d at

10   156 (emphasis added).

11         Here, plaintiffs contend that the transaction between eBay and Windsor Auctions involved

12   both goods and services primarily because plaintiffs received a manual for the Mr. Lister software

13   provided by eBay under the eBay-Windsor Agreement. *See, e.g.*, Decl. Gregory Skibbee ¶ 4.[2]

14   There is no allegation or argument that other than the manual there was no tangible component

15   exchanged between eBay and Windsor Auctions as part of the alleged transaction.  Even assuming

16   that the eBay-Windsor Agreement is appropriately characterized as involving software, the provision

17   of a manual for software does not convert the transaction from one for a software service to one for

18   both tangible goods and services.  Accordingly, there is no combination of goods and services to

19   which the court would apply the dominant nature test.

20         Even assuming that the Mr. Lister software could be considered a good in spite of the lack of

21   a tangible component, application of the "dominant nature" test would result in the conclusion that

22   the transaction between eBay and Windsor Acutions did not involve a commodity.  Plaintiffs cite the

23   court's prior decision in *Ansel Communications, Inc. v. Novell, Inc.*, 1999 WL 33302368 (N.D. Cal.

24   1999) (Whyte, J.), for the proposition that software can be a commodity.  But this is not an entirely

25   accurate characterization of the court's holding in that case.  In *Ansel*, the court found that on the

26   facts before it on summary judgment, the court could not determine the "dominant nature" of the

27   ─────────────

28   [2]  Plaintiffs insist that this external evidence is not necessary, but that they bring it to the court's
     attention to illustrate that their allegations are sufficient to survive eBay's motion to dismiss their
     Robinson-Patman Act claim.

**United States District Court**
For the Northern District of California

1  Novell NetWare software product that was the subject of the transaction challenged under the

2  Robinson-Patman Act.  Novell argued that it merely licensed the right to use the NetWare software

3  to Ansel and other original equipment manufacturers; Ansel, on the other hand, presented evidence

4  that Novell treated its software transactions like sales of a product. *Id.* at \*2-3.

5        Here, by contrast, aside from the manual, which, based on plaintiffs' declaration is clearly

6  meant only to explain the use of the software provided by eBay, plaintiffs present no evidence or

7  allegations suggesting that the subject of the eBay-Windsor Agreement was anything but an

8  intangible service and that the Mr. Lister software was intended to facilitate the provision of that

9  service.  Under the eBay-Windsor Agreement, eBay grants Windsor a "non-exclusive, non-

10  transferable, royalty-free license to access and use the Online Service," where "Online Service" is

11  defined as "the services and technology (to enable Company to inventory, promote, organize online

12  and sell items through the eBay Services) provided to Company by eBay or eBay Affiliates,

13  including the use of Live Auctions and the tools associated with eBay such as Mr. Lister."  eBay-

14  Windsor Agreement ¶¶ 1(j); 4(a).  Even assuming that the "technology," specifically, the "tools

15  associated with eBay" could be considered to be goods in spite of a clear lack of any tangible

16  component, it is clear that the "dominant nature" of the transaction between eBay and Windsor was

17  the provision of access to "organize online and sell items through the eBay Services."  The court

18  thus concludes that the transaction at issue is one for a service provided by eBay and the Robinson-

19  Patman Act is not applicable to the challenged transaction.  Accordingly, the court need not reach

20  eBay's other challenges to plaintiffs' claim under the Robinson-Patman Act.[3]

21      **B.**    **Unfair Practices Act, Cal. Bus. & Prof. Code § 17045**

22      Cal. Bus. & Prof. Code § 17045 provides:

23      The secret payment or allowance of rebates, refunds, commissions, or unearned
    discounts, whether in the form of money or otherwise, or secretly extending to certain

24      purchasers special services or privileges not extended to all purchasers purchasing

25

26  [3]  eBay's other grounds for challenging plaintiffs' Robinson-Patman Act claim are (1) that the eBay-
Windsor transaction does not involve the same seller as the eBay-Molayem transaction because

27  plaintiffs allege that they contracted for services through Live Auctioneers while Molayem was a
direct customer of eBay; (2) that plaintiffs' complaint contains no allegation that there was any

28  difference in pricing as between eBay and plaintiffs versus eBay and Molayem; and (3) that on the
facts pleaded, eBay would be entitled to the affirmative defense that an alternative is available.

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-06454
MAG               7

upon like terms and conditions, to the injury of a competitor and where such payment
or allowance tends to destroy competition, is unlawful.

To state a claim under § 17045, a plaintiff must allege that the purchasers were purchasing on "like

terms and conditions." *Eddins v. Redstone*, 134 Cal. App. 4th 290, 332-33 (2006).  Although

plaintiffs attempt to allege that "Plaintiffs use eBay's live auctions services on like terms and

conditions as Mr. Molayem," Compl. ¶ 21, plaintiffs' factual allegations appear to establish that they

were purchasing on different terms from Molayem.  Plaintiffs allege that Molayem contracted for

services directly from eBay.  *Id.* ¶ 12 ("Mr. Molayem does not use the intermediary services of Live

Auctioneers; rather, he is a direct client of eBay.").  Plaintiffs, by contrast, acknowledge that they

contracted for eBay services through Live Auctioneers but signed terms with eBay in connection

with the Live Auctioneers relationship.  Compl. ¶¶ 8, 10.  Molayem's direct relationship with eBay

creates different terms and conditions than those under which plaintiffs were provided services

through Live Auctioneers.  Accordingly, based on the present allegations, it does not appear that §

17045 provides a basis for relief.

### C.      Common Law Unfair Competition

Plaintiffs contend that they have adequately stated a claim for common law unfair

competition based on negligent interference with economic relations.  Plaintiffs contend that they

have alleged a duty, breach, causation and injury.  They fail, however, to specify what that "duty" is,

particularly in light of the dismissal of their Robinson-Patman Act and Unfair Practices Act claims.

Therefore, plaintiffs fail to state the claim that purportedly underlies their common law unfair

competition claim.  Accordingly, the court grants eBay's motion to dismiss this claim.

### D.      Covenant of Good Faith and Fair Dealing

"[A]ll contracting parties, whether they agree to it or not, are bound by the implied-in-law

covenant of good faith and fair dealing, which 'prevent[s] one contracting party from unfairly

frustrating the other party's right to receive the benefits of the agreement actually made.'" *Huong*

*Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 413 (2007) (citing *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th

317, 349 (2000)).  Allegations which assert a claim for breach of the implied covenant of good faith

and fair dealing "must show that the conduct of the defendant, whether or not it also constitutes a

breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual

1   responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a

2   conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints

3   the reasonable expectations of the other party thereby depriving that party of the benefits of the

4   agreement." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1395

5   (1990).

6           Here, plaintiffs have alleged that the terms of the eBay-Windsor Agreement was for eBay to

7   provide a Live Auction platform for plaintiffs to sell jewelry.  Compl. ¶ 31.  Plaintiffs have alleged

8   that eBay provided the Batch Uploading Tool to Molayem, but not to them, in order to increase the

9   visibility of Molayem's auction listings because Molayem's completed sales result in more revenue

10  for eBay than do completed sales by plaintiffs.  *Id.* ¶¶ 13, 14, 15, 33.  Although eBay contends that

11  the text of the eBay-Windsor Agreement demonstrates that plaintiffs had access to the same tools as

12  Molayem and instead chose to utilize the interface provided by Live Auctioneers instead of using the

13  tools used by Molayem, the court cannot conclude that the same tools would have been available to

14  both plaintiffs and Molayem.  It is not clear to the court that the "Batch Uploading Tool" referred to

15  in the complaint is the same "Mr. Lister" tool (now apparently known as Turbo Lister) referenced in

16  the eBay-Windsor Agreement.  Accordingly, plaintiffs' allegations that eBay provided to them a

17  listing tool that is potentially not the same listing tool as provided to Molayem sufficiently alleges a

18  claim for breach of the implied covenant of good faith and fair dealing.  This claim would be

19  substantially weakened if eBay is able to demonstrate that plaintiffs elected to use the interface

20  provided by Live Auctioneers rather than the listing tools provided by eBay, but that is a factual

21  question not appropriately decided on a motion to dismiss.

22          **E.      Dismissal With Prejudice**

23          eBay asks the court to dismiss plaintiffs' complaint with prejudice.  Dismissal without leave

24  to amend is appropriate when the court is satisfied that the complaint's deficiencies cannot be cured

25  by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). The court does not see how

26  plaintiffs could possibly overcome the deficiency in the Robinson-Patman Act, as the eBay-Windsor

27  transaction clearly does not involve a commodity.  Accordingly, the court will dismiss the Robinson-

28  Patman Act with prejudice.

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-06454
MAG                                                                                    9

1    Plaintiffs' claim under California's Unfair Practices Act claim is, as currently alleged,

2  untenable, but it may be possible for plaintiffs to amend the complaint to assert that plaintiffs and

3  Molayem purchased from eBay on like terms and conditions.  As currently stated, plaintiffs' factual

4  allegations flatly contradict the allegation that plaintiffs and Molayem purchased on like terms and

5  conditions.  Because plaintiffs may be able to assert a duty based on the Unfair Practices Act for

6  purposes of their common law unfair competition claim, the court likewise dismisses that claim

7  without prejudice.

8                                      **III.  ORDER**

9         For the foregoing reasons, the court

10  1.    grants eBay's motion with prejudice with regard to plaintiffs' Robinson-Patman Act claim;

11  2.    grants eBay's motion without prejudice as to plaintiffs' Unfair Practices Act and common law

12        unfair competition claims; and

13  3.    denies eBay's motion with respect to plaintiffs' claim for breach of the implied covenant of

14        good faith and fair dealing.

15

16
     DATED:        7/1/08                              _Ronald M Whyte_
17                                                     RONALD M. WHYTE
                                                       United States District Judge
18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Shannon N. Cogan      shannon.cogan@berliner.com,rebecca.revelez@berliner.com
H. Ann Liroff      ann.liroff@berliner.com,rebecca.revelez@berliner.com

4    Ralph John Swanson, III      rjs@berliner.com,esperanza.carbajal@berliner.com

5    **Counsel for Defendants:**
Heather Coe Meservy      hmeservy@cooley.com,kjones@cooley.com

6    Melina Kaliope Patterson      mpatterson@cooley.com
Michael Graham Rhodes      rhodesmg@cooley.com

7    Whitty Somvichian      wsomvichian@cooley.com,myee@cooley.com

8

9    Counsel are responsible for distributing copies of this document to co-counsel that have not
registered for e-filing under the court's CM/ECF program.

10

11

12    **Dated:**    7/1/08                        /s/ MAG
                                               **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS—No. C-07-06454
MAG                                      11