1  COOLEY GODWARD KRONISH LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  HEATHER C. MESERVY (223782) (hmeservy@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA 92121
   Telephone:  (858) 550-6000
4  Facsimile:   (858) 550-6420

5  COOLEY GODWARD KRONISH LLP
   WHITTY SOMVICHIAN (194463) (wsomvichian@cooley.com)
6  MELINA K. PATTERSON (211907) (mpatterson@cooley.com)
   101 California Street, 5th Floor
7  San Francisco, CA 94111-5800
   Telephone:  (415) 693-2000
8  Facsimile:   (415) 693-2222

9
   Attorneys for Defendant EBAY INC.
10

11                        UNITED STATES DISTRICT COURT
12
                          NORTHERN DISTRICT OF CALIFORNIA
13
                                  SAN JOSE DIVISION
14

15 | WINDSOR AUCTIONS, INC., a Florida corporation, and JEWELRY AUCTIONS CORPORATION, a New Jersey corporation, and UNIVERSAL COLLECTIBLES, LLC, a Delaware Limited Liability Company,

            Plaintiffs,

       v.

    EBAY INC., a Delaware corporation,

            Defendant.

| Case No. C 07 06454 RMW

DEFENDANT EBAY INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Date:  October 3, 2008
Time:  9:00 a.m.
Dept.: 6
Judge: Hon. Ronald M. Whyte

Amended Complaint Filed: July 24, 2008

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

DEFENDANT EBAY'S NOTICE OF MOT. AND MOT.
TO DISMISS PLFS' AMENDED COMPLAINT
CASE NO. C 07 06454 RMW

# Table of Contents

Page

STATEMENT OF ISSUES TO BE DECIDED ................................................................................. 1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 2
I.   INTRODUCTION ................................................................................................................ 2
II.  STATEMENT OF FACTS ................................................................................................... 3
III. LEGAL STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS ............................... 5
IV.  ARGUMENT ........................................................................................................................ 6
     A.   As a matter of law, California's Unfair Practices Act, Cal. Bus. & Prof.
          Code § 17045, does not apply to Plaintiffs' allegations .......................................... 6
          1.   eBay did not secretly extended special services or privileges .................... 6
          2.   Plaintiffs did not purchase on like terms and conditions ............................ 7
     B.   Plaintiffs' fail to allege a duty to support a claim for common law unfair
          competition ............................................................................................................. 8
     C.   Plaintiffs have not stated a valid claim for breach of the implied covenant
          of good faith and fair dealing .................................................................................. 9
          1.   eBay fulfilled its contractual covenants ...................................................... 9
          2.   eBay terminated Plaintiffs in accordance with the express terms of
               the Agreement ............................................................................................ 10
     D.   Leave to amend should be denied since amendment would be futile ................... 11
V.   CONCLUSION .................................................................................................................. 11

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

STIPULATION TO EXTEND DEADLINE TO
RESPOND TO COMPLAINT
C07 3967 JCS

# TABLE OF AUTHORITIES

Page

## CASES

*Bell Atl. Corp. v. Twombly*
   127 S. Ct. 1955 (2007) ............................................................................................................. 6

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*
   222 Cal. App. 3d 1371 (1990) .................................................................................................. 9

*Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*
   2 Cal. 4th 342 (1992) .......................................................................................................... 9, 10

*Eddins v. Redstone*
   134 Cal. App. 4th 290 (2005) ................................................................................................ 6, 8

*Foley v. Interactive Data Corp.*
   47 Cal. 3d 654 (1988) .............................................................................................................. 9

*Jackson v. Carey*
   353 F.3d 750 (9th Cir. 2003) .................................................................................................. 11

*Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*
   228 F.3d 1043 (9th Cir. 2000) .................................................................................................. 6

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001) .................................................................................................... 5

*Parks Sch. of Bus., Inc. v. Symington*
   51 F.3d 1480 (9th Cir. 1995) .................................................................................................... 6

## STATUTES

Cal. Bus. & Prof. Code
   § 17045 ..................................................................................................................... 1, 2, 3, 4, 6, 7

Civ. L.R. 79-5 ............................................................................................................................... 4

Federal Rule of Civil Procedure
   § 12(b)(6) .............................................................................................................................. 1, 5

## OTHER AUTHORITIES

5 Witkin
   Summary 10th (2005) Torts § 751, p. 1086 ............................................................................. 8

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

ii.

STIPULATION TO EXTEND DEADLINE TO
RESPOND TO COMPLAINT
C07 3967 JCS

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS MATTER:

PLEASE TAKE NOTICE that on October 3, 2008 at 9:00 a.m., or as soon thereafter as this motion may be heard, Defendant eBay Inc. will move to dismiss each of Plaintiffs' four claims set forth in the Amended Complaint ("FAC"). This motion is made under Federal Rule of Civil Procedure § 12(b)(6). eBay moves to dismiss with prejudice counts one through four on the following grounds: (1) as a matter of law, Plaintiffs' allegations do not support a claim under California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045; (2) Plaintiffs' allegations are insufficient to support a claim for common law unfair competition; (3) Plaintiffs' allegations are insufficient to support a claim for breach of the implied covenant of good faith and fair dealing (styled in the FAC as "Count 1" "As to All Plaintiffs"); and (4) Plaintiffs' allegations are insufficient to support a claim for breach of the implied covenant of good faith and fair dealing (styled in the FAC as "Count 2" "As to Plaintiffs Windsor Auctions and JA").

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiffs' allegations support a claim under California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045.

2. Whether Plaintiffs have alleged facts sufficient to support a claim for common law unfair competition.

3. Whether Plaintiffs have alleged facts sufficient to support a contractual claim for breach of implied covenant of good faith and fair dealing as to all Plaintiffs.

4. Whether Plaintiffs have alleged facts sufficient to support a contractual claim for breach of implied covenant of good faith and fair dealing as to Plaintiffs Windsor Auctions, Inc. and Jewelry Auctions Corp.

//
//
//
//
//

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

1

DEFENDANT EBAY'S NOTICE OF MOT. AND MOT.
TO DISMISS PLFS' AMENDED COMPLAINT
CASE NO. C 07 06454 RMW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 1, 2008, this Court dismissed Plaintiffs' original complaint ("Complaint") on all but one cause of action. Plaintiffs' amended complaint ("FAC"), not only fails to correct any of the defects this Court found in the Complaint, it demonstrates that Plaintiffs' pleading deficiencies cannot be cured. At the heart of Plaintiffs' complaints is a software tool offered by eBay that Plaintiffs' competitor apparently manipulated to his advantage. Although Plaintiffs now admit they always had access to the piece of eBay software and used it in the same way as their competitor, they argue that eBay somehow hid the tool from them.[1] This logical impossibility illustrates why the entire FAC should be dismissed.

Specifically, Plaintiffs' amendments do not cure the defect this Court found in the Unfair Practices Act claim. This Court dismissed the Section 17045 claim because Plaintiffs, who access eBay through a third party, purchased services from eBay on different terms and conditions than Plaintiffs' competitor, who purchased services directly from eBay. The FAC repeats the Section 17045 claim, but once again shows that Windsor and Jewelry Auctions ("JA") purchased services on different terms and conditions. As these Plaintiffs admit, they both signed an agreement with a third party. And at the urging of the third party, not eBay, they chose to be bound by additional terms and conditions beyond those contained in the eBay Agreement. Those additional terms and conditions contained in Plaintiffs' agreement with the third party required Plaintiffs to use the third party's interface regardless of what tools were available through eBay's own interface. Therefore Windsor and JA purchased access to the eBay Live Auctions venue on different terms and conditions than direct eBay customers such as the competitor or Plaintiff Universal.

Plaintiffs' amendments also fail to cure the defect this Court found in their common law unfair competition claim. This Court dismissed the claim because Plaintiffs failed to specify a duty in the Complaint. Despite this Court's clear message to the Plaintiffs that they needed to

---

[1] In addition, Plaintiffs admit that widespread use of the tool would generate more revenue for eBay.

allege a duty to survive a motion to dismiss, Plaintiffs again failed to include any such allegation. Plaintiffs' unfair competition claim must again be dismissed.

Similarly, Plaintiffs' amendments to their breach of implied covenant of good faith and fair dealing claim run afoul of this Court's warning that the claim would be "substantially weakened" if Plaintiffs chose to access eBay through a third party rather than directly. In the FAC, Plaintiffs allege that the third party, *not eBay*, told Plaintiffs Windsor and Jewelry Auctions that they had to use the third party to access eBay's Live Auction service.

Lastly, Plaintiffs raise a new breach of implied covenant of good faith and fair dealing claim based on eBay terminating its agreement with Plaintiffs Windsor and JA. But as Plaintiffs admit in the FAC, eBay chose to end its contractual relationship by providing thirty days notice as expressly authorized by the terms of the parties' Agreement. This termination cannot be the basis for a breach of the implied covenant claim.

## II.  STATEMENT OF FACTS

This Court dismissed Plaintiffs'[2] original Unfair Practices Act (Section 17045) claim and its claim for common law unfair competition. Order Granting in Part and Den. in Part Mot. to Dismiss, July 1, 2008 (docket item 34) ("Order") at 1.[3] The Court dismissed the Section 17045 claim because Plaintiffs did not purchase on like terms and conditions as the alleged competitors and the common law unfair competition claim because Plaintiffs failed to specify what duty eBay owed to them. Order at 7-8. Although this Court denied eBay's motion with respect to Plaintiffs' original claim for breach of the implied covenant of good faith and fair dealing, this Court warned Plaintiffs that their "claim would be substantially weakened if eBay is able to demonstrate that plaintiffs elected to use the interface provided by Live Auctioneers rather than the listing tools provided by eBay . . . ." Order at 9.

---

[2] A description of the parties Windsor Auctions, Inc. ("Windsor"), Jewelry Auctions Corp. ("JA"), and eBay Inc. ("eBay"), as well third parties Live Auctioneers LLC ("Live Auctioneers") and George Molayem ("Molayem"), can be found in eBay's motion to dismiss the original complaint filed on February 12, 2008 (docket item 10) at pages 2-3. Universal Collectibles, LLC ("Universal") has been added as a Plaintiff. Universal is a direct eBay Live Auctions customer who sells jewelry, coins, art and collectibles. FAC ¶¶ 9 & 17.

[3] Plaintiffs' Robinson-Patman Act claims were dismissed with prejudice.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

3.

DEFENDANT EBAY'S NOTICE OF MOT. AND MOT.
TO DISMISS PLFS' AMENDED COMPLAINT
CASE NO. C 07 06454 RMW

1   On July 24, 2008, Plaintiffs filed the FAC. In the FAC, Plaintiffs attempt to re-allege their Section 17045 claim and their common law unfair competition claim. Plaintiffs restated their breach of the implied covenant claim, and added an additional breach of the implied covenant claim based on eBay's termination of its agreement with Windsor and JA.

As alleged in the FAC, Windsor, JA and Universal signed agreements with eBay for access to the eBay Live Auctions venue. (FAC ¶¶ 11 & 21) The eBay Live Auction agreement (the "Agreement") to which each of the parties agreed has been previously provided to the Court on February 12, 2008, and was sealed by the Court on June 18, 2008. FAC ¶¶ 12 & 14; docket item 13 (motion to seal); docket item 32 (order sealing Agreement).

Although each of the three Plaintiffs admit that they had access to the eBay Live Auctions venue and sold items in the venue, (FAC ¶¶ 16-17), Plaintiff Universal used eBay's Live Auction platform as a direct customer of eBay (FAC ¶¶ 9 & 17), whereas Plaintiffs Windsor and JA contracted with Live Auctioneers for access to the eBay Live Auction platform (FAC ¶ 11). Plaintiffs Windsor and JA allege that Live Auctioneers informed them "that eBay Live Auctions was no longer accepting direct clients," and represented that Windsor and JA's relationship with Live Auctioneers "would be identical to contracting directly with eBay Live Auctions . . . ." FAC ¶¶ 11 & 13. This appears to be false. The contract between Live Auctioneers and Plaintiffs Windsor and JA not only contains different terms and conditions than the eBay Agreement, Windsor and JA agreed under the Live Auctioneers contract that they would not "engage the services of another entity which provides services similar to those of [Live Auctioneers] to host auctions on the internet, including but not limited to, eBay or its subsidiaries or affiliates." Live Auctioneers Agreement[4] at ¶ 4(a).

---

[4] As explained in the declaration of Adam Sand, filed contemporaneously herewith, the form Live Auctioneers agreement referenced in paragraph 11 of the FAC (the "Live Auctioneers Agreement") was provided to eBay by Plaintiffs. As fully explained in eBay's request for judicial notice filed contemporaneously herewith, the terms of the Live Auctioneer Agreement are appropriate for consideration on motion to dismiss because the agreement is referenced in Plaintiffs' FAC. FAC ¶ 11. Because of the confidential nature of the Live Auctioneers Agreement, a true and correct copy will be lodged with the Court under seal pending the Court's granting of the Administrative Motion to File Under Seal pursuant to Civ. L.R. 79-5 filed herewith.

Plaintiffs state that in 2006 they noticed that a competitor, Molayem, a direct user of the eBay Live Auction platform, was experiencing a "substantial increase in" sales. FAC ¶¶ 19-20. Plaintiffs allege that upon asking Molyaem about his success, Molayem told them he manipulated "a live auction end time duration change function tool contained in eBay Live Auctions' Catalog Management Set-Up Page (the 'End Time Duration Tool')," and that this manipulation allowed him to upload auction lots in a way that supposedly allowed him to more prominently list his auction lots for sale on the eBay platform. FAC ¶ 24.

In the original Complaint, Plaintiffs claimed the alleged tool was not available to them. *See e.g.*, Complaint ¶¶ 14, 18, 22, 28 and 33. But they now admit that it was always available to them and that they accessed and used the tool in the same way as Molayem. FAC ¶ 32. Despite this admission, Plaintiffs claim that "eBay purposely hid the End Time Duration Tool from all the Plaintiffs by not acknowledging its existence when asked and thereby making it unavailable to the Plaintiffs." FAC ¶ 25. Plaintiffs fail to provide any facts to support this claim or even that eBay had knowledge of Molayem's manipulation. Indeed, Plaintiffs allege that use of the tool was "lucrative for eBay" (FAC ¶ 27) and that widespred use of the tool would "generate[] more revenue for eBay than do sales by live auction sellers who did not use the" tool (FAC ¶ 41).[5]

Plaintiffs Windsor and JA allege that eBay notified them on March 5, 2008 that eBay was terminating their user IDs. FAC ¶33. Section 18(b) of the Agreement states "[e]ither party may cancel this agreement for any reason, or no reason whatsoever, upon thirty (30) days written notice to the other." Agreement § 18(b). Plaintiffs admit that eBay "shut down" Windsor and JA's user IDs on April 9, 2008, a little over thirty days after the March 5, 2008 notice. FAC ¶ 35.

### III. LEGAL STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS

This Court may dismiss a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion under Rule 12(b)(6), "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Id.*

---

[5] This admission is especially inconsistent with their theories since one Plaintiff, Universal, is a direct customer of eBay just as Molayem.

However, as the Supreme Court recently emphasized, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). *Accord Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). A claim should be dismissed if a statutory cause of action does not apply to the defendant's conduct as a matter of law. *See, e.g.*, *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1485-86 (9th Cir. 1995) (dismissal of plaintiff's statutory claim warranted where plaintiff's allegations are insufficient to bring defendant within the parameters of that statute).

IV. ARGUMENT

    A. **As a matter of law, California's Unfair Practices Act, Cal. Bus. & Prof. Code § 17045, does not apply to Plaintiffs' allegations.**

In their first cause of action, Plaintiffs claim that eBay violated Section 17045 of California's Unfair Practices Act. California's Unfair Practices Act provides, in relevant part:

> The secret payment or allowance of rebates, refunds, commissions, or unearned discounts, whether in the form of money or otherwise, or secretly extending to certain purchasers ***special services or privileges not extended to all purchasers purchasing upon like terms and conditions***, to the injury of a competitor and where such payment or allowance tends to destroy competition, is unlawful.

Cal. Bus. & Prof. Code § 17045 (emphasis added). Plaintiffs' allege that eBay extended a "special privilege" to Molayem that was not extended to them. FAC ¶ 38. But Plaintiffs now admit they had access to and used the alleged tool at issue in this case. FAC ¶ 32. Plaintiffs' Section 17045 "special privileges" claim requires that the alleged special services or privileges were ***secretly*** extended to certain purchasers with whom Plaintiffs were purchasing on ***like terms and conditions***. *Eddins v. Redstone*, 134 Cal. App. 4th 290, 332-33 (2005). Plaintiffs have alleged neither.

    1. **eBay did not secretly extended special services or privileges.**

Plaintiffs allege that Molayem "manipulated" a tool in the eBay Live Auctions' Catalog Management Set-Up Page which they refer to as the "End Time Duration Tool." FAC ¶ 24. Plaintiffs do not allege that eBay secretly provided this tool only to Molayem, showed him how to

use it, or forbid others from using the tool. Plaintiffs merely claim that Molayem's manipulation of the tool was with "eBay's knowledge and acquiescence," (FAC ¶ 24) and that eBay "hid the End Time Duration Tool from all Plaintiffs by not acknowledging its existence" (FAC ¶ 25). Plaintiffs now admit that they always had access to the tool and even used the tool just as Molayem.[6] FAC ¶ 32.

Plaintiffs fail to explain how eBay knew Molayem was manipulating the tool. Indeed, they admit they had to learn how to manipulate the tool from Molayem, not eBay. FAC ¶ 24.

Moreover, Plaintiffs' allegations demonstrate that eBay had no incentive to hide the alleged tool. Plaintiffs allege that use of the tool "generated more revenue for eBay than do sales by live auction sellers who did not use the End Time Duration Tool." FAC ¶ 41. Taking this as true leads to the logical conclusion that eBay would benefit more if all users manipulated the tool in the same way. *See e.g.*, FAC ¶ 27 (alleging that Universal's use of the tool "would have substantially increased Plaintiff Universal's sales and profits using the eBay Live Auction platform."). This would be true regardless of whether the users were direct customers, such as Molayem or Plaintiff Universal, or whether they accessed eBay Live Auctions through a third party, as Plaintiffs Windsor and JA. *See* FAC ¶ 14 (explaining that eBay earns a commission from its Live Auctions customers' sales, regardless of whether the customers use a third party for access to the venue).

### 2. Plaintiffs did not purchase on like terms and conditions.

The underlying facts that caused this Court to dismiss Plaintiffs' previous Section 17045 claim remain the same—Plaintiffs Windsor and JA admittedly purchased services on different terms and conditions than Molayem. Order at 7-8. Instead of using the eBay Live Auctions platform directly as Molayem and Plaintiff Universal, they chose to use an independent third party, Live Auctioneers, to access the eBay Live Auctions platform. FAC ¶¶ 11 & 20. There is no doubt that direct eBay clients, like Molayem and Plaintiff Universal, purchased access under one set of terms and conditions, while indirect eBay clients, like Plaintiffs Windsor and JA

---

[6] These admissions contradict their original allegations that the tool was unavailable to them. *See e.g.*, Complaint ¶ 14.

purchased access with the additional terms and conditions required by Live Auctioneers.

Through its contract with Plaintiffs Windsor and JA, Live Auctioneers prohibited Windsor and JA from using eBay's services directly. Live Auctioneers Agreement ¶ 4(a). By contracting with Live Auctioneers, Plaintiffs Windsor and JA agreed to access the eBay Live Auctions venue using only the services and tools provided by Live Auctioneers, regardless of whether those services and tools differed from what was available to those who used eBay Live Auctions directly. Therefore, by using the Live Auctioneers interface, Plaintiffs Windsor and JA's access to the eBay Live Auctions venue was subject to the limitations of Live Auctioneers' terms and conditions—and thereby a different set of terms and conditions—than the terms and conditions governing eBay's direct customers.

Plaintiffs further allege that Windsor and JA had no choice but to use Live Auctioneers. But Plaintiffs do not allege that *eBay* forced Windsor and JA to use Live Auctioneers to access the eBay Live Auctions venue, or that *eBay* represented that using Live Auctioneers would be equivalent to contracting with eBay. Plaintiffs allege that *Live Auctioneers* made those representations. FAC ¶ 11. By Plaintiffs' own admissions, eBay did not force them to accept different terms and conditions and their Section 17045 claim fails. *Eddins v. Redstone*, 134 Cal. App. 4th 290, 332-33 (2005).

B.  **Plaintiffs' fail to allege a duty to support a claim for common law unfair competition.**

This Court found that Plaintiffs failed to state a claim for common law unfair competition. Order at 8. The Court understood Plaintiffs' common law unfair competition claim to be based on negligent interference with economic relations. *Id.* Assuming Plaintiffs again have attempted to plead a claim for negligent interference with economic relations with their common law unfair competition claim, Plaintiffs must first demonstrate that eBay owed Plaintiffs a duty of care. 5 Witkin, Summary 10th (2005) Torts § 751, p. 1086; Order at 8. Just as in Plaintiffs' original Complaint, Plaintiffs fail to specify what duty eBay owed to the Plaintiffs.[7] Therefore, Plaintiffs

---

[7] Comparing Plaintiffs' common law unfair competition allegations in the FAC to the Complaint reveals that Plaintiffs' amended allegations are nearly identical to their original allegations, with only nominal changes to the phrasing of each of the four paragraphs. Compare Complaint ¶¶ 26-

again fail to state a claim for common law unfair competition and the cause of the action must be dismissed.

### C. Plaintiffs have not stated a valid claim for breach of the implied covenant of good faith and fair dealing.

To state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must show that eBay failed or refused to discharge its contractual responsibilities "by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). The implied covenant of good faith only protects "the parties' right to receive the benefit of their agreement." *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 699 n.39 (1988). In applying the covenant of good faith, a contract's "implied terms should never be read to vary express terms." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992). See also, *Foley*, 47 Cal. 3d at 690 ("The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purposes.").

The FAC contains two counts of breach of the implied covenant of good faith and fair dealing. Plaintiffs' first count, which pertains to all Plaintiffs, fails because it seeks to impose extra-contractual duties on eBay and because eBay provided Plaintiffs with the full benefits of the contract. Plaintiffs' second count, which pertains only to Windsor and JA, fails because it seeks to prohibit eBay from doing what the Agreement expressly permits—terminating the Agreement with thirty days notice. As a result, Plaintiffs have failed to state a claim on either count for the breach of the implied covenant of good faith and fair dealing claims and each must be dismissed.

#### 1. eBay fulfilled its contractual covenants.

Plaintiffs contend that they each entered into a written agreement with eBay, pursuant to which eBay would provide a venue for all three Plaintiffs to conduct on-line live auction events. FAC ¶ 48. And Plaintiffs admit that eBay performed under this contract and provided Plaintiffs

---

29 with FAC ¶¶ 43-46.

with access to the venue where each of the Plaintiffs conducted on-line live auction events. FAC ¶¶ 16-17 & 48. Now Plaintiffs seek to impose extra-contractual duties upon eBay by claiming that eBay provided "the End Time Duration Tool to Molayem but not to Plaintiffs, who contracted for like-kind services with eBay." FAC ¶ 50. As explained above, however, Plaintiffs now admit that they had access to the alleged tool, and therefore they cannot use this as the basis of their claim.

Plaintiffs claim they asked eBay for an end time duration tool and that eBay did not tell them about Molayem's manipulation of the Catalog Manager software. FAC ¶¶ 24-25 & 50. But Plaintiffs have not alleged—and cannot—that the relevant contract required eBay to disclose how one eBay customer manipulated an alleged "End Time Duration Tool."[8] In fact, such an allegation would be inconsistent with the terms of the Agreement. The Agreement contains an "entire agreement" provision, which forecloses Plaintiffs from alleging such an extra-contractual duty. Agreement at ¶ 19(g). The express terms of the Agreement only require eBay to provide Plaintiffs access to its venue for conducting on-line live auction events.[9] Agreement at ¶ 2. Plaintiffs have alleged no facts to support a conclusion that eBay failed to fulfill this contractual covenant.

2.  **eBay terminated Plaintiffs in accordance with the express terms of the Agreement.**

Plaintiffs further allege that eBay breached the implied covenant of good faith and fair dealing by terminating Windsor and JA's user IDs. FAC ¶¶ 54-59. However, the covenant of good faith may not "be read to prohibit a party from doing that which is expressly permitted by an agreement." *Carma Developers*, 2 Cal. 4th at 374 (1992) (finding termination of a contract was not a breach of the covenant of good faith where the contract contained a provision allowing for termination). The Agreement expressly allows either party the right to terminate with 30 days notice. Agreement ¶ 18(b) ("Either party may cancel this Agreement for any reason, or no reason

---

[8] Indeed, they fail to provide any facts to support their allegation that eBay knew of Molayem's manipulation of the tool.

[9] The contract also contains a "no warranty" provision which explains that eBay does not warrant that its services will meet Plaintiffs' requirements or that the operation of eBay's services will be error free. Agreement at ¶ 13.

whatsoever, upon thirty (30) days written notice to the other."). Further, Plaintiffs admit eBay gave notice of its intent to terminate the Agreement on March 5, 2008 (FAC ¶ 33) and terminated the Agreement on April 9, 2008 (FAC ¶ 35), just over thirty days later. Thus, when eBay exercised its right to cancel the Agreement in accordance with its express terms, there was no breach of the implied covenant of good faith.

### D. Leave to amend should be denied since amendment would be futile.

Plaintiffs should not be given leave to amend the claims again. Dismissal without leave to amend is appropriate when the court is satisfied that the complaint's deficiencies cannot be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). As demonstrated above, Plaintiffs' deficiencies cannot be cured by another amendment.

## V. CONCLUSION

For all of these reasons, Defendant eBay Inc. respectfully requests that this Court dismiss each of Plaintiffs' causes of action.

### REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, eBay hereby requests a jury trial as to all the issues to which it is so entitled.

Dated: August 11, 2008

COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
HEATHER C. MESERVY (223782)
WHITTY SOMVICHIAN (194463)
MELINA K. PATTERSON (211907)

s/Melina K. Patterson
Melina K. Patterson
Attorneys for Defendant eBay, Inc.
Email: mpatterson@cooley.com

777724 v6/PA

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

11.

DEFENDANT EBAY'S NOTICE OF MOT. AND MOT.
TO DISMISS PLFS' AMENDED COMPLAINT
CASE NO. C 07 06454 RMW